OPINION OF THE COURT
Alfred D. Lerner, J.
In this action to recover a prepayment premium of $46,501.60 plus interest and other relief, defendant, Aetna Business Credit, Inc. (hereinafter Aetna), moves for summary judgment.
On or about September 6,1977 Aetna loaned to plaintiff, George H. Nutman, Inc., the sum of $1,200,000. Aetna received as security for the loan a first mortgage lien on various commercial property owned by plaintiff located in Brooklyn and Queens. The mortgage agreement provided for monthly installments of principal and interest to be due on the first day of each month, with a five-day grace period before the mortgagor would be deemed to be in default. In addition, the mortgage agreement contained provisions for an interest penalty for late payments, a prepayment penalty, and an acceleration clause.
Apparently plaintiff was continually late and in arrears on its payments. On or about February 28, 1979, after plaintiff defaulted, Aetna instituted a foreclosure action. A receiver of the property was appointed. On or about August 31, 1979 the parties entered into a stipulation of settlement whereby Aetna agreed to discontinue the foreclosure action upon plaintiff’s payment of the mortgage principal, interest and late charges in full.
*169 On or about October 18,1979 plaintiff sold certain of the property to Martin Paint Stores, Inc. Prior to the closing of title, Aetna prepared a “satisfaction letter” setting forth the amounts due and owing which included the prepayment premiums. When plaintiff protested the inclusion of the premium, plaintiff was notified that a “Satisfaction of Mortgage” would not be executed until plaintiff complied. Plaintiff then paid the sum and commenced the present action.
The fifth cause of action, which seeks recovery of interest penalties and late charges, has been withdrawn by plaintiff and will not be considered herein.
Acceleration clauses give the mortgagee the option to declare the entire mortgage debt due and payable upon the happening of a stated condition such as the default by a mortgagor in payment of principal and for interest and the right to foreclose for nonpayment. These acceleration clauses exist solely for the benefit of the mortgagee and are enforced according to their terms. (Graf v Hope Bldg. Corp., 254 NY 1.) Prepayment clauses give the mortgagor the option, upon the payment of a premium, to voluntarily terminate the mortgage prematurely. These clauses are included in mortgage agreements strictly for the benefit of the mortgagor and also will be enforced according to their terms.
The question presented herein is whether the mortgagee, after electing to accelerate the mortgage because of a default, can still exact a prepayment penalty because of the premature termination of the mortgage. The court determines that it cannot.
The election by the mortgagee herein to accelerate the mortgage and to treat the mortgage debt as due was not a voluntary act by the mortgagor sufficient to bring the prepayment penalty into operation. As the Court of Appeals has held: “[T]he right to exact the bonus, so called * * * departed from the defendant, because it had voluntarily waived it by bringing suit to foreclose the mortgage * * * The election once made was final and not subject to change at the option of the defendant * * * Having no right to the bonus, it still insisted on the payment thereof before it would do its legal duty * * * In effect the defen *170 dant held plaintiff’s property in its grasp through its lien thereon and would not surrender it until the unlawful exaction was complied with * * * Under these circumstances the compulsion was illegal, unjust and oppressive and the plaintiff having submitted under protest had the right to recover”. (Kilpatrick v Germania Life Ins. Co., 183 NY 163,168-169.) In the matter herein, since plaintiff was under duress when making the prepayment penalty of $46,501.60, which it was not contractually obligated to do, it is entitled to recover that amount, plus interest.
Accordingly, defendant’s motion for summary judgment is denied and summary judgment is awarded to the plaintiff in the sum of $46,501.60 with interest. (CPLR 3212, subd [b].)