■ DONALD L. GREEN, Respondent, v CITY OF NEW YORK, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Rader, J.), dated June 10, 1986, which granted the plaintiff's motion to set aside a verdict in its favor as against the weight of the evidence and granted the plaintiff a new trial on the issue of liability.

Ordered that the order is reversed, with costs, the plaintiff's motion to set aside the verdict is denied, and the verdict is reinstated.

The plaintiff Donald Green seeks to recover damages from the defendant the City of New York for injuries he sustained on February 4, 1982, when a portion of the roadway in front of 953 53rd Street in Brooklyn, New York, collapsed beneath the ambulance in which he was an occupant.

The case was tried on the issue of liability and the jury returned a verdict in favor of the city. The court thereafter set aside the verdict as against the weight of the evidence and granted a new trial. The city now appeals to this court seeking reinstatement of the jury verdict.

The determination of whether to set aside a verdict as against the weight of the evidence is not a question of law; rather, it "requires a discretionary balancing of many factors" *(Nicastro v Park,* 113 AD2d 129, 133). The proper standard to be applied by a trial court in making such a determination is to set aside a verdict only when "[the] jury could not have reached [the verdict] on any fair interpretation of the evidence" *(Nicastro v Park, supra,* at 135). In the application of this standard the trial court should keep in mind that "[a] preeminent principle of jurisprudence in this area is that the discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a

favorable jury verdict" *(Nicastro v Park, supra,* at 133). This precaution is particularly pertinent in tort actions: "because the clash of factual contentions is often sharper and simpler in those matters and the jury need not find that a defendant has prevailed by a preponderance of the evidence but rather may simply conclude that the plaintiff has failed to meet the burden of proof requisite of establishing the defendant's culpability" *(Nicastro v Park, supra,* at 134). Thus, if the jury's resolution of the controversy in favor of the defendant is grounded upon a fair interpretation of the evidence, "that finding should be sustained * * * in the absence of some other reason for disturbing it in the interest of justice" *(Nicastro v Park, supra,* at 134).

Applying these principles to the instant case, we conclude that it was an improvident exercise of discretion by the Supreme Court, Kings County, to set aside the verdict and order a new trial.

The plaintiff's theory in this case was that the city was affirmatively negligent in creating the defective condition by an improper repair which caused the roadway to collapse. Since the claimed negligence on the part of the city was affirmative in nature, notice was unnecessary. The affirmative negligence which the plaintiff attempted to prove was that prior to the accident, the city had repaired the roadway in an improper manner causing the area in question to collapse under the wheels of the vehicle in which plaintiff was an occupant. The key testimony on this issue came from Oscar Perl, the owner of the building at 953 53rd Street and Joseph Balkan, a licensed master plumber.

Mr. Perl testified that in June 1981 approximately seven months before the accident, he found a notice affixed to his door, purportedly from a city agency, the precise identity of which he could not recall, to the effect that there was a water main break in the line leading to his house and that it had to be repaired. Mr. Perl hired Mr. Balkan who did the repair work after making a cut in the roadway. Mr. Balkan testified that he paid someone else to do the repaving after the water main repair work was finished. After Mr. Perl noticed that the patched portion of the roadway was sinking, Mr. Balkan came back and fixed it. When the roadway started sinking for a second time, Mr. Balkan advised Mr. Perl to call the city. Mr. Perl testified that he called the city and was told that the repairs would be made. He could not remember the department or the name of the person he called. Within three days after the call, the roadway was repaired. About three months

later the roadway fell in again and Mr. Perl called the Department of Highways and in a few days the roadway was repaired. Mr. Perl did not see the repairs made nor did he know who actually performed the work.

Although Mr. Balkan testified that he obtained a permit from the city for every job that he performed in 1981, he could not find his records for this particular job. Moreover, the city records, produced pursuant to subpoena, did not indicate that a permit had been obtained for this work. Additionally, the plaintiff's own experts conceded that while a permit is required to make a cut in the roadway, plumbers sometimes do such work without applying for a permit.

The plaintiff contends that by this circumstantial evidence, he established that the city did the defective repair work which led to the collapse of the roadway. We hold that the plaintiff proved a prima facie case, sufficient to establish a jury question, as to whether the city performed the repair work which led to the collapse of the roadway. However, based on a fair interpretation of the same evidence, the jury could have found otherwise.

Initially, we find that the circumstantial evidence adduced by the plaintiff is subject to a reasonable interpretation that someone other than the city did the work on the roadway in question, and, therefore, the court erred in charging the jury on the doctrine of res ipsa loquitur. The plaintiff failed to establish the requisite "exclusive control" on the part of the city in the repair of this street (see, Dermatossian v New York City Tr. Auth., 67 NY2d 219, 227; De Witt Props. v City of New York, 44 NY2d 417) and the jury should not have been instructed on this doctrine. We note that notwithstanding the obvious benefit to the plaintiff of an erroneous res ipsa loquitur charge, the jury found in favor of the city.

More importantly, however, because of the equivocal nature of the testimony of Mr. Perl and Mr. Balkan concerning the involvement of the city in the work done on the roadway, the jury could have reasonably concluded that the city's employees were not aware of the work that was done and that the city did not do the work itself. Thus, the jury's verdict in this case finding the defendant not negligent could have been reached by a fair interpretation of the evidence and should not have been set aside. Mangano, J. P., Lawrence, Spatt and Balletta, JJ., concur.