OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff commenced an action against the City of New York and Lydia Dunbar alleging that on July 2, 1983 he was injured when he tripped and fell on a negligently maintained sidewalk in front of Dunbar’s home in Queens. He pleaded that he had satisfied the notice requirement of the "Pothole Law” for actions against the City (Administrative Code of City of New York § 7-201 [c] [2]). At trial, plaintiff’s counsel asserted in his opening statement that the defective condition had existed since 1971; that Dunbar had called the Department of Parks and Recreation concerning the condition; that an inspector from the Parks Department had come to the location in July 1983 and, on a tree inspection report form *914 line for "Sidewalk Conditions,” had written the word "Cracked”; and that the City had not thereafter repaired the condition. The trial court granted the motion to dismiss the complaint against the City on the ground that the handwritten notation "Cracked” on the tree inspection report form did not satisfy the notice requirement of the Pothole Law. The Appellate Division affirmed, holding that in order to satisfy the Pothole Law, any "written acknowledgment from the city” had to come from the City Department of Transportation.
The Pothole Law provides that "[n]o civil action shall be maintained against the City for damage to property or injury to person or death sustained in consequence of any street, highway, bridge, wharf, culvert, sidewalk or crosswalk * * * being out of repair, unsafe, dangerous or obstructed,” unless prior notice is established in one of three ways: by "written notice of the * * * condition * * * actually given to the commissioner of transportation”; by "previous injury to person or property as a result of the * * * condition, and written notice thereof * * * given to a city agency;” or by "written acknowledgment from the city of the * * * condition”. Plaintiff alleges compliance solely on the basis of the third alternative — that the notation "Cracked” on the tree inspection report form constituted a "written acknowledgement from the city”.
We agree with the Appellate Division that plaintiff did not satisfy the notice requirement of the Pothole Law. The tree inspection report reveals that it was completed by the Parks Department in connection with tree-pruning, not in connection with any sidewalk condition. While we recognize that the prior notice provision of the Pothole Law is in derogation of common law and thus that its language must be strictly construed against the City (see, Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362, 365), the generalized notation of "Sidewalk Condition” as "Cracked” on the tree inspection report cannot be considered an expression of the City’s awareness of an unsafe or defective sidewalk in need of repair. We thus do not reach the question whether a "written acknowledgment from the city” under the Pothole Law must come only from the Department of Transportation — which was the basis of the Appellate Division decision.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.