■ MATTHEW S. MOGIL, an Infant, by His Mother and Natural Guardian, TERRY C. MOGIL, et al., Appellants, v TOWN OF HEMPSTEAD, Respondent.—In an action to recover damages for personal injuries, the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Kutner, J.), dated April 3, 1987, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) from an order of the same court dated March 21, 1988, which denied their motion for renewal of the defendant's motion for summary judgment.

Ordered that the orders are affirmed, with one bill of costs.

The infant plaintiff broke his leg when he fell allegedly as the result of a depression located in a paved area of one of the defendant's parks. In support of its motion for summary judgment the defendant submitted the affidavits of a Deputy Town Clerk and the Commissioner of Parks of the Town of

Hempstead indicating that a search of the defendant's records revealed that no prior written notice of the alleged defect had been given to the defendant as required by Town of Hempstead Code chapter 6. The plaintiffs failed to sustain their burden in opposing the motion to come forward with sufficient proof to establish that prior written notice had been given or that the condition had been caused or created by the defendant (see, O'Rourke v Town of Smithtown, 129 AD2d 570; Gallo v Town of Hempstead, 124 AD2d 700; Parella v Levin, 111 AD2d 750). The court therefore properly granted the defendant's motion for summary judgment.

In addition, the court also properly denied the plaintiffs' motion for renewal. Their reliance upon an attorney's affirmation and the unsworn report of an accident expert was misplaced since neither constituted the necessary tender of evidentiary proof in admissible form sufficient to defeat summary judgment (see, Cummings v St. Joseph's Hosp. Health Center, 130 AD2d 957; Cone v Daus, 120 AD2d 788). Mangano, J. P., Eiber, Sullivan and Balletta, JJ., concur.