■ IRMA KAEMPF et al., Respondents, v TOWN·OF HEMPSTEAD, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated August 1, 1988, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

Town Law § 65-a (2) provides that no civil action may be maintained against any town for injuries to person sustained by reason of any defect in the sidewalk unless written notice was actually given to the town clerk. Here, the Town established through affidavits that no prior written notice was given to it with regard to the allegedly defective sidewalk at issue. In opposition to the Town's motion for summary judgment, it was incumbent upon the plaintiffs to establish either prior written notice or evidence that the condition was caused or created by the Town and thereby raise a triable issue of fact. The plaintiffs failed to sustain this burden and thus summary judgment should have been granted to the Town (see, Goldston v Town of Babylon, 145 AD2d 534; Bauer v Town of Hempstead, 143 AD2d 793; Englehardt v Town of Hempstead, 141 AD2d 601; O'Rourke v Town of Smithtown, 129 AD2d 570; Gallo v Town of Hempstead, 124 AD2d 700; Rodriguez v County of Suffolk, 123 AD2d 754).

Further, the plaintiffs failed to prove that the Town created the hole or engaged in any affirmative tortious conduct which

would have exempted them from the need to establish compliance with Town Law § 65-a (2) *(see, Martin v City of Cohoes,* 37 NY2d 162, 166; *Zortman v City of Niagara Falls,* 101 AD2d 711; *Gallo v Town of Hempstead, supra).* Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.