■ BERNARD A. LINDER et al., Respondents, v TOWN OF BABYLON, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated November 8, 1990, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the complaint is dismissed.

Town Law § 65-a (1) provides that no civil action may be maintained against any town for injuries to persons sustained as a consequence of the existence of snow or ice upon a highway owned by the town unless prior written notice thereof, specifying the place, was actually given to the town clerk or town superintendent of highways and there was a failure or neglect to make the place reasonably safe within a reasonable amount of time after receipt of such notice. Actual or constructive notice cannot substitute for written notice where, as here, the condition of the highway involves snow or ice (see, Piscione v County of Oneida, 159 AD2d 982).

The defendant Town established through the sworn deposition testimony of its employee that a search of its records had indicated that no such prior written notice was given. In opposition to the Town's motion for summary judgment, it then became incumbent upon the plaintiffs to establish either prior written notice or evidence that the condition was caused or created by the Town in order to create a triable issue of fact (see, Kaempf v Town of Hempstead, 170 AD2d 652; Du Pont v Town of Horseheads, 163 AD2d 643; Mogil v Town of Hempstead, 152 AD2d 687; Englehardt v Town of Hempstead, 141 AD2d 601; O'Rourke v Town of Smithtown, 129 AD2d 570; Rodriguez v County of Suffolk, 123 AD2d 754). The plaintiffs failed to sustain this burden and summary judgment should have been granted to the Town. Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.