OPINION OF THE COURT
William H. Keniry, J.
*437 This action seeks judgment and associated relief under CPLR 3001 and article 78 declaring that respondents City of Sara-toga Springs, the City Council of the City of Saratoga Springs and the Mayor of the City of Saratoga Springs exceeded their lawful powers in effecting an administrative reorganization which, inter alia, transferred the day-to-day supervision and operations of the City’s Building Inspector from the Deputy Commissioner of Public Safety to the City Engineer. The plaintiffs in the case are the Building Inspector and the public employees union which represents City employees, including the Building Inspector and two individuals who work under him.
The facts are not in dispute. The City operates under a commission form of government prescribed by the City’s Charter. The Charter establishes elective offices of Mayor and four Commissioners. The Mayor and the four Commissioners constitute the City Council which performs all legislative functions. The Mayor and the Commissioners additionally have specific administrative responsibilities entrusted to them under the Charter. The Mayor controls and supervises the City Engineer. The Commissioner of Public Safety controls and supervises the Building Inspector and Building Department. The Commissioner of Public Safety exercises authority over the Building Inspector by virtue of a provision of the Charter which empowers him “To administrate and enforce the Building, Zoning, Housing and Plumbing Codes” (Saratoga Springs Charter § C-20 [B]). The present Commissioner of Public Safety is Thomas J. Curley. The present Mayor is J. Michael O’Connell. For at least 20 years, the Building Inspector was under the day-to-day supervision of the Deputy Commissioner of Public Safety, a full-time appointee of the Commissioner. Between December 1998 and January 1999 the Mayor and the Commissioner of Public Safety agreed upon and announced, in several memoranda, a reorganization plan which essentially transferred day-to-day supervision over the Building Inspector to the City Engineer and resulted in physical relocation of the Office of Building Inspector from the second floor of City Hall to the first floor office of the City Engineer. No formal resolution was adopted by the City Council and no local law was enacted to effectuate the change.
This proceeding was initiated in which petitioners assert that the action was taken ultra vires and therefore null and void. Petitioners contend that, in order to legally transfer supervision and control of the Building Inspector to the City *438 Engineer, either an amendment to the City Charter or the adoption of a local law subject to mandatory referendum of the electorate is required by section 23 (2) of the Municipal Home Rule Law. Petitioners assert that, absent such a Charter amendment or enactment of a local law, the City could not properly transfer supervision and control over the Building Inspector from the Commissioner of Public Safety to the City Engineer.
Defendants contend that the action taken does not violate the Charter nor does it require that the Charter be amended or a local law enacted before such action could be implemented. Commissioner Curley avers that, in order to improve the efficiency of the Building Inspector and to better coordinate City functions related to the issuance of building permits and inspections of ongoing construction projects, he chose to delegate his day-to-day authority over the Building Inspector to the City Engineer but that in so doing, retains ultimate supervisory power over the Building Inspector as specified in the Charter. Commissioner Curley states that it lies within his authority, in the interest of providing better and more efficient government, to authorize a transfer of day-to-day responsibility over the Building Inspector from his Deputy Commissioner to the City Engineer with the proviso that such arrangement is revocable by him or a successor at any time.
The court has reviewed the Charter and Municipal Home Rule Law. Unlike the unreported case cited by plaintiffs (Gaffney v City of Saratoga Springs, Sup Ct, Saratoga County, Mar. 19, 1968, index No. DW64), this is not an instance where the City Council formally acted to divest an elected Commissioner of a power afforded under the Charter. The fair import of the action taken is not that a formal divesture of a Commissioner’s power and authority occurred but rather that the Commissioner of Public Safety made a voluntary decision to delegate his ultimate Charter authority assertedly to improve the services of City government and make government more efficient and responsive to the needs of its constituents. The arrangement does not have the force of law and, as noted by both the Mayor and Commissioner, can be abrogated at any time in the sole discretion of this or any future Commissioner of Public Safety. No Charter-granted authority has been formally ceded to the Mayor or his designee, the City Engineer. The Commissioner of Public Safety decided to delegate his power, consistent with the ultimate supervisory authority he possesses over the Building Inspector, to permit the City Engineer to supervise the daily activities of the Building Inspector.
*439 The court holds that the City Charter has not been violated and that the action taken by defendants did not require either the adoption of a local law or an amendment of the City Charter. Since the action is found lawful, the petitioners’ causes of action lack merit.
Defendants’ motion for summary judgment is granted and plaintiffs’ complaint is dismissed, all without costs.
Plaintiffs’ cross motion for summary judgment is denied without costs.