■ EVADINE BAILEY et al., Appellants, v BROOKDALE UNIVERSITY HOSPITAL AND MEDICAL CENTER, Respondent, et al.,

Defendants. (And a Third-Party Action.) [812 NYS2d 877]—In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated January 7, 2005, as denied that branch of their motion which was to reinstate the complaint insofar as asserted against the defendant Brookdale University Hospital and Medical Center.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to reinstate the complaint insofar as asserted against the defendant Brookdale University Hospital and Medical Center is granted, and the complaint is reinstated as against that defendant.

The Supreme Court should have granted that branch of the plaintiffs' motion which was to reinstate the complaint insofar as asserted against the defendant Brookdale University Hospital and Medical Center (hereinafter Brookdale) based on the determination of this Court in a prior appeal in this case (*see Bailey v Brookdale Univ. Hosp. & Med. Ctr.,* 292 AD2d 328 [2002]). The Supreme Court inappropriately relied on CPLR 3404 because CPLR 3404 does not apply to actions, as here, that are pre-note of issue (*see Lopez v Imperial Delivery Serv.,* 282 AD2d 190, 196-197 [2001]).

The plaintiffs' challenge to the Supreme Court's decision to reject their reply papers is based on matter dehors the record and, thus, has not been considered on this appeal (*see Matter of Grogan v Zoning Bd. of Appeals of Town of E. Hampton,* 221 AD2d 441, 443 [1995]; *Sando Realty Corp. v Aris,* 209 AD2d 682, 682-683 [1994]).

The plaintiffs' contention that the Supreme Court should have granted their "motion" for a default judgment against the individual defendants based on the individual defendants' alleged failure to answer the complaint is improperly raised for the first time in their reply brief and, in any event, is without merit because the plaintiffs did not move for that relief. Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.