■ DELORES PERRINGTON, Respondent, v CITY OF MOUNT VERNON, Appellant. [829 NYS2d 667]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, West-

chester County (Lefkowitz, J.), entered October 3, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A municipality that has enacted a prior written notice law is excused from liability absent proof of prior written notice or an exception thereto (*see Poirier v City of Schenectady,* 85 NY2d 310 [1995]). The Court of Appeals has recognized two exceptions to this rule, "namely, where the locality created the defect or hazard through an affirmative act of negligence" and "where a 'special use' confers a special benefit upon the locality" (*Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]; *see Lopez v G&J Rudolph Inc.,* 20 AD3d 511, 512 [2005]; *Filaski-Fitzgerald v Town of Huntington,* 18 AD3d 603, 604 [2005]; *Gold v County of Westchester,* 15 AD3d 439, 440 [2005]). Here, in opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact as to whether there was a defect and, if so, whether the defendant affirmatively created the defect by either failing to place blacktop around the subject metal plate or negligently securing such metal plate with blacktop (*see Padula v City of Long Beach,* 20 AD3d 555, 556 [2005]; *Maggio v City of New York,* 305 AD2d 554, 555 [2003]; *Kupfer v Village of Briarcliff Manor,* 288 AD2d 269, 270 [2001]; *Mayer v Town of Brookhaven,* 266 AD2d 360, 361 [1999]). Moreover, a triable issue of fact exists as to whether the condition was open and obvious at the time of the accident (*cf. Dominitz v Food Emporium,* 271 AD2d 640 [2000]). Rivera, J.P., Santucci, Skelos and McCarthy, JJ., concur.