■ In the Matter of D.I.S., LLC, Respondent, v ADENA SAGOS, Appellant, et al., Respondent. [832 NYS2d 581]—

In a proceeding pursuant to RPAPL 1921, inter alia, to direct the mortgagee to accept a specific sum in full satisfaction of the mortgage debt and to issue a satisfaction of mortgage to the

mortgagor, the mortgagee appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered April 17, 2006, which granted the petition.

Ordered that the order is affirmed, with costs.

Contrary to the mortgagee's contention, the mortgagor's tender of payment of the entire mortgage principal plus interest to the scheduled date of closing in response to her acceleration of the debt upon default did not constitute a "prepayment" of the debt within the meaning of the prepayment clause set forth in the mortgage. Accordingly, absent a contractual provision to the contrary, the mortgagee was precluded from assessing a prepayment penalty (see *Kilpatrick v Germania Life Ins. Co.*, 183 NY 163, 168 [1905]; *3C Assoc. v IC & LP Realty Co.*, 137 AD2d 439, 440 [1988]; *Northwestern Mut. Life Ins. Co. v Uniondale Realty Assoc.*, 11 Misc 3d 980, 985 [2006]; *George H. Nutman, Inc. v Aetna Bus. Credit*, 115 Misc 2d 168, 169 [1982]). In any event, even if the imposition of a prepayment penalty had been permissible, the mortgage failed to specify any such penalty.

The mortgagee's remaining contention regarding the acceleration clause is not properly before this Court because it is raised for the first time in her reply brief (see e.g. *Bailey v Brookdale Univ. Hosp. & Med. Ctr.*, 27 AD3d 677 [2006]; *Cappiello v Johnson*, 21 AD3d 921 [2005]; *Workers' Compensation Bd. of State of N.Y. v Rizzi*, 14 AD3d 608 [2005]). Mastro, J.P., Fisher, Angiolillo and McCarthy, JJ., concur.