■ SYLVIA JACOBS, Appellant, v VILLAGE OF ROCKVILLE CENTRE et al., Respondents. [838 NYS2d 597]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau

County (Jaeger, J.), dated July 19, 2006, which granted the motion of the defendant Village of Rockville Centre, and the separate motion of the defendants Jerry Cynamon and Audrey Cynamon, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when she tripped and fell as a result of a height differential between a public concrete sidewalk and a brick walkway in the Village of Rockville Centre adjacent to property owned by Jerry Cynamon and Audrey Cynamon (hereinafter the owners).

A municipality that has enacted a prior written notice law is excused from liability absent proof of prior written notice or an exception thereto (*see Perrington v City of Mount Vernon*, 37 AD3d 571, 572 [2007]). The Court of Appeals has recognized two exceptions to this rule, "namely, where the locality created the defect or hazard through an affirmative act of negligence" and "where a 'special use' confers a special benefit upon the locality" (*Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *see Perrington v City of Mount Vernon, supra* at 572; *Lopez v G&J Rudolph Inc.*, 20 AD3d 511, 512 [2005]).

The Village made a prima facie showing of entitlement to judgment as a matter of law since it was uncontroverted that the Village did not receive prior written notice of the alleged dangerous condition as required by Code of Incorporated Village of Rockville Centre § 341-a. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Village was affirmatively negligent or whether a special use conferred a special benefit on the Village.

An abutting landowner will not be liable to a pedestrian injured as a result of a defect on a public sidewalk unless the landowner created the defective condition or caused the defect to occur because of some special use of the sidewalk, or if "a local ordinance or statute specifically charges [the] abutting landowner with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty" (*Hausser v Giunta*, 88 NY2d 449, 453 [1996]; *see Fishelberg v Emmons Ave. Hospitality Corp.*, 26 AD3d 460 [2006]).

Here, the owners demonstrated their entitlement to judgment as a matter of law by presenting evidence that they did not create the alleged defect, negligently repair the sidewalk prior to the accident, cause the defect through some special use of the sidewalk, or violate a statute or ordinance that imposed liability on the abutting landowner for failure to repair the alleged defec-

tive condition. In opposition, the plaintiff failed to present evidence sufficient to raise a triable issue of fact as to the owners' liability.

Accordingly, the Supreme Court properly granted the separate motions of the Village and the owners for summary judgment dismissing the complaint insofar as asserted against them. Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.