[844 NYS2d 421]

Norma Gorman et al., Respondents, v Town of Huntington, Appellant.

Second Department, October 30, 2007

## APPEARANCES OF COUNSEL

*John J. Leo, Town Attorney*, Huntington (*Margaret L. Pezzino* of counsel), for appellant.

*Thomas J. Lavallee*, Hauppauge, for respondents.

## OPINION OF THE COURT

DILLON, J.

We are presented on this appeal with an issue never previously addressed at the appellate level. In this action for damages against a town arising out of an alleged trip and fall on a municipal sidewalk, prior written notice of the dangerous condition underlying the claim had not been filed with the town clerk or superintendent of highways as required by local ordinance. Instead, at least one member of the public had been instructed, in response to an inquiry to the municipality, to transmit written notice to the municipal department actually responsible for sidewalk maintenance. For the reasons set forth below, we find that where a municipal employee acting within an official capacity instructs a member of the public to convey written notice of a condition to a municipal employee other than those agents designated by local statute, and where such notice is then received by the department responsible for sidewalk-related record keeping and for the actual inspection and repair of the dangerous or defective sidewalk conditions, the municipality is estopped from claiming the absence of prior written notice to the proper statutory designee as a defense in a subsequent action.

Relevant Facts and Proceedings

The plaintiff Norma Gorman (hereinafter the plaintiff) alleges that on June 9, 2002, she sustained injuries as a result of a trip and fall on a sidewalk on Cheshire Place, alongside and

slightly north of Saint Anthony of Padua Roman Catholic Church (hereinafter St. Anthony's) in the Town of Huntington. The sole of the plaintiff's shoe allegedly became caught on an uneven slab of sidewalk that was raised approximately two inches. She and her husband, the plaintiff Hugh Gorman, asserted respective causes of action against the defendant, Town of Huntington, to recover damages for negligence and loss of consortium. The complaint specifically alleged that prior to the date of the accident, the Town had received written notice of the defective sidewalk condition. In its answer, the Town denied receipt of prior written notice and specifically pleaded, as affirmative defenses, noncompliance with the Town's two prior written notice statutes.

Discovery included the deposition of Bruce Creamer, who was employed by the Town's Department of Engineering Services (hereinafter the DES) as an Engineering Inspector, and prior to that, as a DES Traffic Technician. Creamer testified that the Traffic Safety Division of the DES, and not the Highway Department, was responsible for sidewalk inspection, maintenance, and repair within the town. He also testified that various complaints regarding the sidewalk at Cheshire Place, in the vicinity of St. Anthony's, had been received by the Traffic Safety Division of the DES. Complaints regarding the subject sidewalk spanned many years and took varied forms, including a 1989 telephone complaint, a 1995 memorandum from a Town Councilman, a 1998 notice of claim, a 2002 notice of claim, and two letters from Reverend Richard Hoerning of St. Anthony's dated April 19, 1999, and February 19, 2002, respectively. At least some of the complaints prompted the Traffic Safety Division to investigate the condition of the sidewalk at the church, and partial repairs were made to the sidewalk in 1990, 1998, and 1999. The 1999 repairs included replacement of several sections of sidewalk adjoining the church's school but did not replace sidewalk elsewhere alongside the church, which continued to deteriorate thereafter.

Of particular significance to this appeal is the correspondence from Hoerning dated February 19, 2002, addressed to Thomas Mazzola, the Director of the DES. At a deposition, Creamer testified that he and Hoerning had a telephone conversation regarding the condition of the sidewalk alongside the church, at which time Creamer told Hoerning to request repairs in a writing addressed to the DES Director, Mazzola. Hoerning followed Creamer's instruction by composing and transmitting the corre-

spondence dated February 19, 2002, which is at the heart of the parties' prior written notice dispute.

In response to a discovery motion of the plaintiffs, the Town cross-moved, inter alia, for summary judgment dismissing the complaint pursuant to CPLR 3212. The Town presented affidavits from Audrey Jaramillo of the Town Clerk's Office, Derek Baiz of the Highway Department, and Creamer of the DES, evidencing that the various written notices regarding the subject sidewalk were neither filed, nor copied to, the Town Clerk's Office or the Highway Department. The Town argued that the prior written notice statutes, Huntington Town Code § 174-3 (A) and Town Law § 65-a, which must be strictly construed, mandate that prior notice be given only to the town clerk or superintendent of highways, and that in the absence of any prior written notice to either of those two statutory designees, the plaintiffs' action is barred for noncompliance with the statutes. By decision and order dated March 21, 2006, inter alia, the Town's cross motion for summary judgment was denied. The Supreme Court held that the Town followed a distinct system by which its DES was delegated record-keeping functions that were otherwise reserved by statute to the town clerk and superintendent of highways, and which were directly related to DES's own responsibilities to maintain and repair sidewalks.

The Town moved for leave to reargue its motion for summary judgment dismissing the complaint. The Supreme Court, in effect, granted the motion to reargue in a decision and order dated August 9, 2006, wherein the court expressly adhered to its earlier determination.

The Town appeals from both the order dated March 21, 2006, and the order dated August 9, 2006. The appeal from the order dated March 21, 2006, must be dismissed, as that order was superseded by the order dated August 9, 2006. We affirm the order dated August 9, 2006, insofar as appealed from.

The Relevance of Prior Written Notice

Huntington Town Code § 174-3 (A) provides that no civil action shall be maintained against the Town for damages sustained by reason of, inter alia, defective sidewalks, unless written notice of the specific location and nature of the defective condition is provided to the Town by a person with firsthand knowledge, and the Town fails to correct the condition within a reasonable time thereafter. Section 174-3 (A) also requires that the prior notice be "actually given to the Town

Clerk or the Town Superintendent of Highways in accordance with § 174-5." Section 174-5 provides, in turn, that "[s]ervice of such notice upon a person other than as authorized . . . shall invalidate the notice." The local code is clear, therefore, that in order for prior written notice of a dangerous condition to be of legal consequence, it must be filed with the town clerk or highway superintendent.[1]

The Huntington Town Code resembles the template language of General Municipal Law § 50-g (1) and Town Law § 65-a (2) for the purpose, scope, and procedures of prior written notice to municipalities. General Municipal Law § 50-g (2) provides that where a statute specifies the municipal officer or employee who is to receive prior written notice, as here, the notice records shall be kept by the person so specified. Town Law § 65-a (3) directs that any prior written notices delivered to the superintendent of highways be forwarded to the town clerk within 10 days of receipt. Under Town Law § 65-a (4) and Huntington Town Code § 174-4, the town clerk is required to keep indexed records of written notices.[2]

Municipalities owe a duty to keep sidewalks in reasonably safe condition (*see Kaufman v Silver*, 90 NY2d 204, 207 [1997]; *Posner v New York City Tr. Auth.*, 27 AD3d 542, 543-544 [2006]; *Ocasio v City of Middletown*, 148 AD2d 431, 432 [1989]), and their failure to perform repairs for which there is prior written notice may cast them in liability for damages proximately sustained to persons or property (*see D'Ambrosio v City of New York*, 55 NY2d 454, 462 [1982]). Absent prior written notice of a dangerous or defective condition where a notice statute is in effect, a municipality cannot be held liable for injuries (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Doremus v Incorporated Vil. of Lynbrook*, 18 NY2d 362, 366 [1966]; *Jacobs v Village of Rockville Ctr.*, 41 AD3d 539 [2007]; *Perrington v*

---

1. The relevant statutory authority is Huntington Town Code § 174-3 and its related provisions, and not Town Law § 65-a. Town Law § 65-a (1) requires prior written notice regarding dangerous or obstructed conditions of any "highway, bridge or culvert," not "sidewalks." We do not reach the issue, not argued by the parties, as to whether the Town could permissibly enact a local ordinance more expansive than the State's Town Law, to the extent that the Huntington Town Code applies the prior written notice requirement to sidewalks, street markings, traffic signals, trees, tree limbs and other property not referenced in Town Law § 65-a (*see generally Walker v Town of Hempstead*, 84 NY2d 360, 365-366 [1994]; *White v Incorporated Vil. of Hempstead*, 41 AD3d 709 [2007]).

2. A similar, though not identical, provision is set forth for villages in Village Law § 4-402 (g).

*City of Mount Vernon*, 37 AD3d 571, 572 [2007]; *Elmy v City of Amsterdam*, 25 AD3d 1038, 1040 [2006]; *Meekins v Town of Riverhead*, 20 AD3d 399, 400 [2005]; *Filaski-Fitzgerald v Town of Huntington*, 18 AD3d 603, 604 [2005]; *Oswald v City of Niagara Falls*, 13 AD3d 1155, 1156 [2004]; *Kaempf v Town of Hempstead*, 170 AD2d 652, 652 [1991]; *Stewart v Town of Waterford*, 152 AD2d 837, 839 [1989]; *Bauer v Town of Hempstead*, 143 AD2d 793, 794 [1988]).

Two exceptions have been recognized to prior written notice rules. The first is when the municipality has created the dangerous or defective condition through affirmative acts of negligence (*see Amabile v City of Buffalo*, 93 NY2d at 474; *Monteleone v Incorporated Vil. of Floral Park*, 74 NY2d 917, 919 [1989]; *Kiernan v Thompson*, 73 NY2d 840, 842 [1988]; *Jacobs v Village of Rockville Ctr.*, 41 AD3d 539 [2007]; *Perrington v City of Mount Vernon*, 37 AD3d at 572; *Cinqumani v County of Nassau*, 28 AD3d 699, 701 [2006]; *Brooks v Village of Horseheads*, 14 AD3d 756, 757 [2005]; *Gutierrez v Cohen*, 227 AD2d 447, 448 [1996]; *Damante v Town of Hempstead*, 227 AD2d 433, 434 [1996]; *Landau v Town of Ramapo*, 207 AD2d 384, 384 [1994]; *Messina v City of New York*, 190 AD2d 659 [1993]; *Green v City of New York*, 138 AD2d 676, 677 [1988]). The second exception is when a "special use" confers a benefit upon the municipality (*see Amabile v City of Buffalo*, 93 NY2d at 474; *D'Ambrosio v City of New York*, 55 NY2d at 462; *Kaufman v Silver*, 90 NY2d at 207; *Posner v New York City Tr. Auth.*, 27 AD3d at 543; *Jacobs v Village of Rockville Ctr.*, 41 AD3d 539 [2007]; *Perrington v City of Mount Vernon*, 37 AD3d at 572; *Lopez v G&J Rudolph Inc.*, 20 AD3d 511, 512 [2005]). Neither exception is truly at issue in the instant appeal.[3] Accordingly, our focus is solely upon whether the Town may avail itself of an affirmative defense based upon the failure of any person, including Hoerning, to have filed written notice of the alleged defective condition specifically with the Town Clerk or Highway Superintendent.

Since prior written notice statutes are in derogation of common law, they must be strictly construed (*see Katz v City of New York*, 87 NY2d 241, 243 [1995]; *Poirier v City of Schenectady*, 85 NY2d 310, 313 [1995]; *Monteleone v Incorporated Vil. of Floral Park*, 74 NY2d at 918; *Laing v City of New York*, 71 NY2d 912,

---

**3.** The Town argued before the Supreme Court, and reiterates on appeal, that it established through Creamer's affidavit that no municipal work was performed at the specific accident location that could have created the alleged defect.

914 [1988]; *Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d at 366; *Karac v City of Elmira,* 14 AD3d 842, 843 [2005]; *Weinreb v City of New York,* 193 AD2d 596, 598 [1993]). A strict construction of the Town's prior written notice statute would ordinarily require enforcement of the provision of Huntington Town Code § 174-5 that renders invalid any written notice filed with a municipal agent other than the town clerk or superintendent of highways (*see Conlon v Village of Pleasantville,* 146 AD2d 736 [1989] [actual notice to Superintendent of Water fails to satisfy prior written notice statute]; *see also Camenson v Town of N. Hempstead,* 298 AD2d 543 [2002] [internal municipal "speed memo" deemed insufficient to qualify as prior written notice]; *Roth v Town of N. Hempstead,* 273 AD2d 215 [2000] [routine maintenance records deemed insufficient]; *Sparrock v City of New York,* 242 AD2d 289 [1997] [intra-department memoranda insufficient]; *Drzewiecki v City of Buffalo,* 51 AD2d 870 [1976] [actual knowledge of City Engineer insufficient to satisfy prior written notice statute]; *see generally Lalley v Adam, Meldrum & Anderson Co.,* 186 AD2d 1083 [1992]; *Weinfeld v Roth Assoc.,* 177 AD2d 977, 978 [1991]; *Zimmerman v City of Niagara Falls,* 112 AD2d 17 [1985]).

The Town's Motion for Summary Judgment

The Town met its initial burden of establishing prima facie entitlement to summary judgment based upon the affidavits of Audrey Jaramillo, Derek Baiz, and Bruce Creamer, and upon other submitted evidence. The Town's evidence established that neither the Town Clerk nor Superintendent of Highways received any prior written notice of defective sidewalk conditions at Cheshire Place, alongside St. Anthony's, prior to the plaintiff's accident on June 9, 2002 (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067 [1979]; *Linder v Town of Babylon,* 187 AD2d 568 [1992]; *Weinfeld v Roth Assoc.,* 177 AD2d at 978; *Goldberg v Town of Hempstead,* 156 AD2d 639, 640 [1989]; *Goldston v Town of Babylon,* 145 AD2d 534, 535 [1988]; *Zigman v Town of Hempstead,* 120 AD2d 520, 521 [1986]).

The burden shifted to the plaintiffs to tender evidence in admissible form sufficient to raise a question of fact requiring trial (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). In this regard, while neither the Town Clerk nor the Superintendent of Highways received prior written notice as specifically

required by Huntington Town Code §§ 174-3 and 174-5, Hoerning's February 19, 2002, correspondence informed the DES Director of the alleged defect. Hoerning was told by Creamer to memorialize his complaint about the sidewalk in a letter and to send the letter specifically to Mazzola, the DES Director, and by implication, not to the Town Clerk or Superintendent of Highways. Hoerning relied upon the instruction he received from Creamer. Undoubtedly, Hoerning's concern at the time was not to preserve anyone's rights to future litigation, but rather, to obtain repair of what he perceived as a dangerous condition for his parishioners and other users of the sidewalk at the church. Indeed, Huntington Town Code § 174-1 identifies the purpose of written notice as providing a mechanism to protect the health and safety of the community by enhancing the Town's ability to remedy dangerous conditions (*see Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d at 918).

Here, the division of labor within the Town did not vest the responsibility for sidewalk repairs with the Highway Department as envisioned by the prior written notice templates of General Municipal Law § 50-g (2), Town Law § 65-a, and Village Law § 4-402. Instead, in Huntington, the responsibility for investigating, maintaining, and repairing sidewalks belonged to the DES. The Supreme Court correctly found that the Town, by its actions and practices spanning many years, delegated to the DES record-keeping functions for sidewalk repairs that were, absent such a delegation, the responsibility of the town clerk and superintendent of highways (*accord Biffer v City of Saratoga Springs,* 181 Misc 2d 436, 438 [1999] [delegation by Commissioner of Public Safety of his supervision over Building Inspector to City Engineer]). Indeed, Creamer testified at his deposition that he maintained records about all sidewalk complaints in a card file. In his affidavit in support of summary judgment, Creamer averred that his record keeping utilized an "index file system," described in terms remarkably similar to the language of Town Law § 65-a (4) and Huntington Town Code § 174-4 that require the town clerk to "keep an indexed record . . . of all written notices" of dangerous or defective sidewalk conditions. It was by Creamer's reference to his file system that he acquired prior notice letters, memoranda, and notices of claim for the sidewalk at St. Anthony's from 1989, 1995, 1998, 1999, and 2002. Creamer, in effect, performed the statutory record-keeping function of the town clerk as envisioned by Town Law § 65-a (4) and Huntington Town Code § 174-4.

Further, under the peculiar circumstances of this case, the Town should be estopped from claiming, as it did in seeking summary judgment, that Hoerning's written notice dated February 19, 2002, was sent to the wrong statutory designee (*see generally Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]; *Sagevick v Sanchez*, 228 AD2d 488, 489 [1996]; *Henry Boeckmann, Jr. & Assoc. v Board of Educ., Hempstead Union Free School Dist. No. 1*, 207 AD2d 773, 776 [1994]). The DES was the arm of town governance responsible not only for inspecting, maintaining, and repairing sidewalks, but which had also assumed, by practice, the keeping of prior written notice records that would ordinarily have been the responsibility of the town clerk. Significantly, Hoerning addressed his notice correspondence to the Director of the DES at the instruction of Creamer, an agent of the Town, and Hoerning's letter was thereafter retained by the DES in accordance with Creamer's recordkeeping procedures. Of equal significance is the fact that the Town Clerk and Highway Superintendent possessed none of the complaint records the Town had received for the subject sidewalk in 1989, 1995, 1998, 1999, 2002, or for any other dates. The Town, having instructed Hoerning to send his written notice of February 19, 2002, to the Director of the DES, cannot now be permitted to use that instruction as a shield against liability. To do so would result in an injustice to any claimant where there has been compliance with a clear directive, from a town agent employed by the municipal department that maintains sidewalk complaint records, to file written notice of a dangerous sidewalk condition with someone other than the statutory designee.

The strict construction that is to be accorded prior written notice statutes (*see e.g. Katz v City of New York,* 87 NY2d at 243; *Poirier v City of Schenectady,* 85 NY2d at 313; *Laing v City of New York,* 71 NY2d at 914; *Karac v City of Elmira,* 14 AD3d at 843; *Weinreb v City of New York,* 193 AD2d at 598) is not so strict as to prevent two widely-accepted exceptions where, as noted, municipalities create a dangerous condition through their affirmative acts, or where municipalities derive a benefit from the special use of the subject matter of the litigation. Here, we recognize for the first time a third, narrow exception to a strict construction of the statutory language (*see* Huntington Town Code § 174-3 [A]; § 174-5), grounded in estoppel and based upon these peculiar facts and circumstances.

We would not reach our conclusion, estopping the Town from asserting a prior written notice defense, absent the combination

of four discrete factors, all present here. These factors are (1) the assumption by the DES of prior written notice record-keeping duties that were otherwise to be performed by the town clerk, (2) the DES's role in investigating and repairing sidewalks rather than those functions being performed by the Highway Department, (3) the instruction by DES Engineering Inspector Creamer to Hoerning to transmit the written notice to the DES, and (4) Hoerning's reliance upon Creamer's instruction. All of the factors here, which resulted in the prior notice being transmitted to and retained by the DES in the regular course of its duties of maintaining sidewalks, fulfills the stated objective of Huntington Town Code § 174-1 for enhancing the community's health and safety, while also fulfilling the objective of section 174-4 that indexed records be maintained for all such notices received.

In reaching this conclusion, we find distinguishable *Parochial Bus Sys. v Board of Educ. of City of N.Y.* (60 NY2d 539, 547 [1983]), where a notice of claim under the Education Law was held insufficient as it was sent to an incorrect official of the defendant Board of Education. Under Education Law § 3813, and as noted in *Parochial Bus* (60 NY2d at 548), the purpose of a notice of claim is to give notice of the legal "claim" and not the "wrong," whereas under Huntington Town Code §§ 174-3 and 174-5, the purpose of the statute is to give notice of the defect (the wrong) so that it may be repaired to protect the public's health and safety. Moreover, in *Parochial Bus*, no representative of the defendant Board instructed that notice be addressed to an incorrect statutory or contractual recipient.

The Specificity of the Prior Written Notice

The Town's argument that the written notice received by the DES was not sufficiently specific as to the nature and location of the sidewalk condition is not properly before this Court, as it was raised for the first time in the Town's reply brief (*see Matter of D.I.S. LLC, v Sagos*, 38 AD3d 543, 544 [2007]; *Culpepper v Allstate Ins. Co.*, 31 AD3d 490, 492 [2006]; *Bailey v Brookdale Univ. Hosp. & Med. Ctr.*, 27 AD3d 677, 678 [2006]; *Cappiello v Johnson*, 21 AD3d 921, 922 [2005]; *Workers' Compensation Bd. of State of N.Y. v Rizzi*, 14 AD3d 608, 609 [2005]; *Williams v City of White Plains*, 6 AD3d 609 [2004]; *Coppola v Coppola*, 291 AD2d 477 [2002]).

The Town's remaining contentions are without merit.

For all of the foregoing reasons, the Supreme Court properly denied the Town's motion for summary judgment dismissing the complaint.

A Search of the Record

This Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (*see* CPLR 3212 [b]; *Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429 [1996]; *Halloway v State Farm Ins. Cos.*, 23 AD3d 617, 618-619 [2005]; *Osborne v Zornberg*, 16 AD3d 643, 645 [2005]; *Lacy v New York City Hous. Auth.*, 4 AD3d 455, 456 [2004]; *Micciche v Homes by Timbers*, 1 AD3d 326, 327 [2003]; *Vanegas v Nationwide Mut. Fire Ins. Co.*, 282 AD2d 671 [2001]). Pursuant to that authority and in light of our determinations, partial summary judgment is awarded in favor of the plaintiffs dismissing the fourth and fifth affirmative defenses set forth in the Town's answer, which allege the absence of prior written notice of the sidewalk defect.

In light of the foregoing, the appeal from the order dated March 21, 2006, is dismissed, as that order was superseded by the order dated August 9, 2006, made upon reargument; the order dated August 9, 2006, is affirmed insofar as appealed from, and upon searching the record, partial summary judgment is awarded to the plaintiffs dismissing the fourth and fifth affirmative defenses in the defendant's answer.

Spolzino, J.P., Skelos and McCarthy, JJ., concur.

Ordered that the appeal from the order dated March 21, 2006, is dismissed, as that order was superseded by the order dated August 9, 2006, made upon reargument; and it is further,

Ordered that the order dated August 9, 2006, is affirmed insofar as appealed from; and it is further,

Ordered that upon searching the record, partial summary judgment is awarded in favor of the plaintiffs dismissing the fourth and fifth affirmative defenses in the defendant's answer; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.