Virkler v V.S. Virkler & Son, Inc. (2021 NY Slip Op 04434)





Virkler v V.S. Virkler & Son, Inc.


2021 NY Slip Op 04434


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


310 CA 19-01606

[*1]RICHARD VIRKLER, PLAINTIFF-APPELLANT, ET AL., PLAINTIFF,
v
V.S. VIRKLER & SON, INC., JOSEPH VIRKLER AND ALEX VIRKLER, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






HANCOCK ESTABROOK, LLP, SYRACUSE (ALAN J. PIERCE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
ASSAF & SIEGAL PLLC, ALBANY (MICHAEL D. ASSAF OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Lewis County (James P. McClusky, J.), entered July 19, 2019. The judgment, inter alia, granted in part the motion of defendants for partial summary judgment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In 2007, Richard Virkler (plaintiff), a former shareholder of defendant V.S. Virkler & Son, Inc. (Company), transferred his shares of the Company pursuant to a series of documents that included a stock redemption agreement (contract) and a promissory note, which was secured by a mortgage on the Company's property (collectively, transfer documents). Plaintiff's nephew, defendant Joseph Virkler, then became the majority owner of the Company. The transfer documents all indicate that the Company paid plaintiff $1 million at the time of transfer of his stock, and the Company also promised to pay plaintiff an additional $1.8 million over 25 years at an annual interest rate of seven percent. In 2018, plaintiff's attorney sent Joseph a letter (demand letter) accusing defendants of being in default of certain provisions of the contract and stating that plaintiff was accelerating the balance due under the transfer documents. After attempts to resolve the matter failed, plaintiff and another shareholder commenced this action seeking, among other relief, to foreclose on the mortgage. Defendants moved, inter alia, for partial summary judgment on the issue whether they may exercise their right of redemption under the mortgage and declaring that they must pay only the amount then due on the note to exercise that right. Plaintiff cross-moved for, inter alia, the appointment of a receiver to run the Company or, in the alternative, for a declaration that defendants owed to plaintiff the amount then due on the note, together with all future interest payments, if Supreme Court ordered redemption. Plaintiff appeals, in appeal No. 1, from a judgment that, among other things, granted in part the motion by directing that defendants may exercise their right of redemption and effectively declaring that defendants must pay only the amount then due on the note to exercise that right and that denied the cross motion.
After that motion and cross motion were decided, plaintiff moved for "partial summary judgment on liability for breach of contract," and defendants cross-moved for, inter alia, partial summary judgment dismissing the first and third causes of action. In appeal No. 2, plaintiff appeals from an order denying the motion and granting the cross motion with respect to the first and third causes of action.
In appeal No. 1, plaintiff contends that the court erred in fixing the amount that defendants must pay to exercise their right of redemption. Specifically, plaintiff contends that, [*2]pursuant to the transfer documents, he is entitled to the remaining amount due on the note, including all interest payments that he would have received if defendants paid the note over the full 25-year term. He contends that the mortgage specifically provides for those payments and that the transfer documents give him the right to refuse to accept prepayment of the amount due. Because he refused to accept payment unless he received all future payments, including the unaccrued interest, he contends that the court was required to permit defendants to exercise their right of redemption only upon payment of that amount. We reject those contentions, and thus we affirm the judgment in appeal No. 1.
With respect to plaintiff's latter contention, we conclude that plaintiff improperly conflates defendants' right of redemption with plaintiff's right to withhold consent to prepayment of the note. It is well settled that "[t]he filing of the summons and complaint seeking the entire unpaid balance of principal in the . . . foreclosure action constituted a valid election by . . . plaintiff to accelerate the maturity of the debt" (Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935 [2d Dept 2018]; see U.S. Bank N.A. v Balderston, 163 AD3d 1482, 1483-1484 [4th Dept 2018]). Further, as noted, prior to filing the complaint, plaintiff's attorney sent the demand letter to Joseph stating that plaintiff "hereby declares the entire remaining balance of the Debt due and owing immediately." "New York courts have observed . . . that the acceleration of a mortgage debt may occur by means other than the commencement of a foreclosure action, such as through an unequivocal acceleration notice transmitted to the borrower" (Freedom Mtg. Corp. v Engel, 37 NY3d 1, 25 [2021], rearg denied 37 NY3d 926 [2021]). Inasmuch as the demand letter from plaintiff constituted such an unequivocal notice, that letter also accelerated the debt. Thus, we conclude that defendants were not seeking to prepay the amount due under the note, rather plaintiff accelerated the remaining amount due by instituting a foreclosure action and sending the demand letter.
We also reject plaintiff's contention that he is entitled to the remaining amount due on the note, including all unaccrued interest payments. It is well settled that, once a foreclosure proceeding is commenced, "[a] mortgagor or other owner of the equity of redemption of a property subject to a judgment of foreclosure and sale may redeem the mortgage at any time prior to the foreclosure sale" (Norwest Mtge., Inc. v Brown, 35 AD3d 682, 683 [2d Dept 2006]; see NYCTL 1998—2 Trust v Chinese Am. Trading Co., Inc., 189 AD3d 1437, 1440 [2d Dept 2020]). "An unconditional tender of the full amount due is all that is required" to exercise the right of redemption (NYCTL 1999-1 Trust v 573 Jackson Ave. Realty Corp., 13 NY3d 573, 579 [2009], cert denied 561 US 1006 [2010]). Thus, defendants' tender of payment of the entire mortgage principal and the accrued interest was all that was required "in response to [plaintiff's] acceleration of the debt upon default [and, as noted,] did not constitute a 'prepayment' of the debt within the meaning of the prepayment clause set forth in the mortgage" (Matter of D.I.S. LLC v Sagos, 38 AD3d 543, 544 [2d Dept 2007]). Inasmuch as "the accelerated payment here is the result of plaintiff[-]mortgagee[] having elected to bring this foreclosure action, [he] may not exact a prepayment penalty" (3C Assoc. v IC & LP Realty Co., 137 AD2d 439, 439 [1st Dept 1988]; see Kilpatrick v Germania Life Ins. Co., 183 NY 163, 168 [1905]).
Plaintiff's further contention in appeal No. 1, i.e., that the mortgage provides for the payment of unaccrued interest in the event of any prepayment, including by way of redemption in a foreclosure, is belied by the documents upon which he relies (cf. SO/Bluestar, LLC v Canarsie Hotel Corp., 33 AD3d 986, 987 [2d Dept 2006]; 3C Assoc., 137 AD2d at 439).
Contrary to plaintiff's contention in appeal No. 2, the court properly denied his motion for "partial summary judgment on liability for breach of contract" and granted defendants' cross motion for partial summary judgment dismissing the first and third causes of action. The debt reflected in the note and contract and secured by the mortgage was satisfied by defendants' payment of the full amount due under the transfer documents and, once "the mortgagor pays in full the person entitled to enforce the note, the note is discharged and the mortgage that secures it is extinguished" (Weiss v Phillips, 157 AD3d 1, 8 [1st Dept 2017]; see Reale v Tsoukas, 146 AD3d 833, 835 [2d Dept 2017]; see generally FGB Realty Advisors v Parisi, 265 AD2d 297, 298 [2d Dept 1995]). The first and third causes of action arose from alleged breaches of the transfer documents, including the mortgage and note, which could not be enforced after the amounts due under those documents were satisfied by payment of the amount directed by the judgment in appeal No. 1.
We have considered plaintiff's remaining contention and conclude that it lacks merit.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court