RREF III Stor. LLC v Paul (2024 NY Slip Op 01771)

RREF III Stor. LLC v Paul

2024 NY Slip Op 01771

Decided on March 28, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2024

Before: Manzanet-Daniels, J.P., Kapnick, González, Mendez, Pitt-Burke, JJ. 

Index No. 651503/22 Appeal No. 1943 Case No. 2023-00149 2023-01278 

[*1]RREF III Storage LLC et al., Plaintiffs-Respondents,
v
Natin Paul, Defendant-Appellant. 

Morrison Cohen LLP, New York (Aaron Lauchheimer of counsel), for appellant.
Morrison & Foerster LLP, New York (Joseph R. Palmore of counsel) for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about February 8, 2023, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss the causes of action seeking recovery of yield maintenance default premiums in accordance with defendant's guaranty of the junior mezzanine loan, unanimously reversed, on the law, with costs, and the motion granted.
Defendant's motion to dismiss should have been granted to the extent that plaintiffs sought payment of yield maintenance default premiums from him under his guaranty of the junior mezz loan, as the yield maintenance default premiums contemplated in § 2.4.3 of the junior mezz loan agreement did not become due upon acceleration of the junior mezz loan (see PAF-PAR LLC v Silberberg, 118 AD3d 446, 446 [1st Dept 2014], affd 27 NY3d 930 [2016]). Section 2.4.3 is most reasonably read to state that yield maintenance default premiums become due and payable "only if there is a voluntary exercise of the right to repay" after an event of default, but are not payable if, after the event of default has occurred, the lender chooses to exercise its right under § 10.1(b) of the junior mezz loan agreement to "declar[e] the Debt to be immediately due and payable," as was the case here (see 3C Assoc. v IC & LP Realty Co., 137 AD2d 439, 440 [1st Dept 1988]; see In re AMR Corp., 730 F3d 88, 92 [2d Cir 2013][Under the language of the indentures, the debtor's voluntary petition for bankruptcy triggered a default and automatically accelerated the debt, the satisfaction of which requires no make-whole payment]). Specifically, § 2.4.3 provides that yield maintenance default payments are due "[i]f, during the continuation of any Event of Default, prepayment of all or any part of the Debt is tendered by Borrower (which tender Lender may reject to the extent permitted by the applicable Legal Requirements)." Only if the junior mezz borrower were making prepayments voluntarily — that is, not in response to a declaration by the lender that the entirety of the loan was immediately due — would the lender ever have occasion to reject those prepayments, as contemplated in the parenthetical of § 2.4.3 (see 3C Assoc., 137 AD2d at 440; see also Virkler v VS Virkler & Son, Inc., 196 AD3d 1127 [4th Dept 2021]; George H. Nutman, Inc. v Aetna Business Credit, Inc., 115 Misc 2d 168, 169 [Sup Ct, Queens County 1982]).
Defendant's position also aligns with the general rule under which a lender that accelerates a loan after a default forfeits the right to a prepayment premium because the acceleration advances the maturity date and, by definition, the loan cannot then be prepaid (see In re 1141 Realty Owner LLC, 598 BR 534, 541 [SD NY 2019]). Plaintiffs do not show that the junior mezz loan agreement falls into the generally recognized exceptions to this rule: (1) where the debtor intentionally defaults in order to trigger acceleration and evade the prepayment premium — conduct not alleged [*2]here — and (2) when a clear and unambiguous provision calls for payment of the prepayment premium (Northwestern Mut. Life Ins. Co. v Uniondale Realty Assoc., 11 Misc 3d 980, 985 [Sup Ct, Nassau County 2006]). Plaintiff does not and cannot point to any such provision in the junior mezz loan agreement (see U.S. Bank Natl. Assn. v South Side House, LLC, 2012 WL 273119, *7, 2012 US Dist LEXIS 10824, *21-22 [ED NY 2012, No. 11-CV-4135 (ARR)]; In re Solutia, Inc., 379 BR 473, 488 [SD NY 2007]; cf. D.I.S., LLC v Sagos, 38 AD3d 543, 544 [2d Dept 2007]).
We reject plaintiffs' arguments arising from § 2.4.2 of the junior mezz loan agreement, as that provision concerns a scenario in which yield maintenance premiums are due in connection with a liquidation event. However, yield maintenance premiums, which are distinct from yield default maintenance premiums, are not at issue here.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2024