■ COMMISSIONER OF LABOR OF THE STATE OF NEW YORK, Appellant, v EAGLE COMTRONICS, INC., Respondent. — Order unanimously reversed, without costs and motion denied. Memorandum: On June 18, 1982, the Commissioner of Labor issued an ex parte order pursuant to subdivision 1 of section 361-b of the Labor Law finding defendant in violation of sections 352 and 354-a of the Labor Law and assessed a civil penalty of $2,500. In accordance with section 361-b, the order provided that if the penalty were not paid within 30 days it would be entered as a judgment and that defendant had 30 days following service of the order to file a review petition with the Industrial Board of Appeals. Defendant did not pay the penalty and failed timely to commence the review proceeding and on August 19, 1982 the Industrial Board concluded that it was without jurisdiction to hear the appeal. On December 13, 1982 the Commissioner filed the order with the County Clerk of Onondaga County pursuant to subdivision 3 of section 361-b of the Labor Law which gave it "the full force and effect of a judgment duly docketed".

On January 21, 1983 defendant moved to set aside the judgment pursuant to CPLR 5015. Special Term vacated the judgment on both equitable and constitutional grounds and in doing so spoke of exercising its authority to treat the motion as an action for a declaratory judgment.

CPLR 5015 (subd [a]) permits "[t]he court which rendered a judgment or order" to relieve a party from it on certain grounds, including excusable default. Here, the order was rendered by the Commissioner and filed by her with the County Clerk. The filing of the order did not make it a Supreme Court judgment or order; nor did entry by the clerk give the court jurisdiction to vacate it (see *Robert F. Wood, P. C. v Ford,* 78 AD2d 585; *Matter of Voccola v Shilling,* 88 Misc 2d 103, affd 57 AD2d 931). The docketing of the order as a judgment merely provided the Commissioner with a mechanism to enforce the civil penalty assessed by the order (Labor Law, § 361-b, subd 3). Since Special Term did not render the order, any reliance upon CPLR 5015 would be misplaced (*Robert F. Wood, P. C. v Ford, supra*).

Courts also have inherent power over their own proceedings and for sufficient reason may open their own judgments (*Michaud v Loblaws, Inc.,* 36 AD2d 1013, 1014). However, "whether the court [exercises] its inherent power or that pursuant to the statute, it is clear that it may do so only with respect to *its own judgments*". (*Matter of Voccola v Shilling,* 88 Misc 2d 103, 105, *supra*; emphasis in original.)

Since Special Term could not vacate the judgment pursuant to CPLR 5015 or its inherent power, it is necessary to decide whether alternative forms of relief were available, since the court seemed to place some reliance on its authority under CPLR 103 to convert actions to an appropriate form.

The decision of the Industrial Board of Appeals rejecting defendant's petition could have been reviewed through a CPLR article 78 proceeding commenced within 60 days (Labor Law, § 102). Defendant, however, failed to commence any proceeding until more than five months elapsed from the Industrial Board's decision.

Defendant also had an opportunity to bring an article 78 proceeding or a declaratory judgment action to challenge the constitutionality of the Commissioner's ex parte order or the Industrial Board of Appeals procedures for review. In either case defendant's challenge had to be commenced within four months (CPLR 217; see *Solnick v Whalen,* 49 NY2d 224). At the latest, defendant's cause of action accrued on August 19, 1982; therefore, its motion dated January 21, 1983, even if converted to a declaratory judgment action by Special Term, was untimely. (Appeal from order of Supreme Court, Onondaga County, Tenney, J. — vacate judgment.) Present — Dillon, P. J., Doerr, Green, Moule and Schnepp, JJ.