■ Workers' Compensation Board of the State of New York, Respondent, v Joseph Rizzi, Doing Business as Oregon Deli, Appellant. [787 NYS2d 905]—

In an action pursuant to Workers' Compensation Law § 26 in which a clerk's judgment of the Supreme Court, Westchester County, dated March 20, 2003, was entered against the defendant, the defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 16, 2004, which denied his motion to vacate the clerk's judgment.

Ordered that the order is affirmed, with costs.

Workers' Compensation Law § 26 provides that upon the filing of a certified copy of the decision of the Workers' Compensation Board awarding compensation, "judgment must be entered in the supreme court by the clerk of such county in conformity therewith immediately upon such filing," and that "[s]uch judg-

ment shall be entered in the same manner, have the same effect and be subject to the same proceedings as though rendered in a suit duly heard and determined by the supreme court, except that no appeal may be taken therefrom." The defendant's contention that entry of the clerk's judgment was barred by the three-year statute of limitations contained in CPLR 214 (2) is without merit. That limitations period applies only to actions commenced to enforce other judgments, whereas the entry of the judgment here was merely a ministerial act by the County Clerk, and no further court action was necessary to obtain the judgment. The Legislature has chosen not to place a time restriction upon the entry of a judgment (*see Funk v Barry,* 89 NY2d 364, 368 [1996]; *see also Sarasota, Inc. v Finkel,* 11 AD3d 407 [2004]).

The defendant's claim that the award was incorrectly calculated is not properly before this Court, as it was raised for the first time in his reply brief (*see Coppola v Coppola,* 291 AD2d 477 [2002]; *Matter of American Cyanamid Co. [Lederle Labs] v Board of Assessors of Town of Orangetown,* 243 AD2d 630 [1997]), and the defendant stated in an affidavit in the Supreme Court that he was not challenging the determinations or awards made by the plaintiff upon which the clerk's judgment was entered.

The defendant's remaining contentions are without merit. Adams, J.P., Smith, Crane and Lifson, JJ., concur.