# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**570**

**CA 11-00923**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF JEFFREY TAMSEN,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

OLIVIA A. LICATA, DIRECTOR, CITY OF BUFFALO
DEPARTMENT OF HUMAN RESOURCES, CIVIL SERVICE
DIVISION, AND CITY OF BUFFALO,
RESPONDENTS-APPELLANTS.

---

DAVID RODRIGUEZ, ACTING CORPORATION COUNSEL, BUFFALO (CINDY T. COOPER OF COUNSEL), FOR RESPONDENTS-APPELLANTS.

LAW OFFICES OF W. JAMES SCHWAN, BUFFALO (W. JAMES SCHWAN OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Gerald J. Whalen, J.), dated April 14, 2011 in a proceeding pursuant to CPLR article 78. The judgment, among other things, denied the motion of respondents to dismiss the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging the determination that found him to be ineligible for appointment as a firefighter in respondent City of Buffalo (City) based on his failure to satisfy the residency requirements set forth in Rule 10 of the City's Classified Civil Service Rules (hereafter, Rule 10). The relevant underlying facts are not in dispute. Petitioner owned and resided in a two-family residence located in the City for approximately seven years prior to applying for a position as a City firefighter in March 2008. Petitioner thereafter passed a civil service test administered by the City and was placed on the eligibility list to become a firefighter. In May 2009, while still on the eligibility list but before his appointment as a firefighter, petitioner and his wife purchased a residence in the Town of Amherst. On September 4, 2009, petitioner was appointed to the position of firefighter and began training at the Firefighter Academy (Academy). While at the Academy, however, petitioner sustained an injury that prevented him from completing the necessary training. In April 2010, the City informed petitioner that he was being reinstated to the eligibility list, that he would be appointed as a firefighter, and

that he would begin training again at the next Academy class, scheduled to commence on April 18, 2011.  On March 21, 2011, however, the City notified petitioner that it was "disqualifying" him from eligibility for appointment as a firefighter based upon his failure to meet the residency requirements of Rule 10.  After his administrative appeal was denied, petitioner commenced this proceeding seeking a judgment directing respondent Olivia A. Licata, Director, City of Buffalo Department of Human Resources, Civil Service Division, and the City (collectively, City) to restore him to the eligibility list and to enroll him in the training Academy scheduled for April 18, 2011.

The City filed a pre-answer motion to dismiss, contending that the petition failed to state a cause of action and that the City's determination to disqualify petitioner was not arbitrary or capricious.  The City offered various items of evidence in support of the motion, and petitioner in turn offered evidence in opposition thereto.  Following oral argument, the court denied the motion and directed the City to restore petitioner to the eligibility list and enroll him in the Academy class scheduled for April 18, 2011.  The court ruled that the City's determination that petitioner failed to comply with Rule 10 was arbitrary and capricious.  We affirm.

We note at the outset that the City relied exclusively on Rule 10 of its Classified Civil Service Rules to disqualify petitioner.  Although counsel for the City referred during oral argument in Supreme Court to the more onerous residency requirement set forth in the examination announcement, the written notice of disqualification sent to petitioner cited only Rule 10, and the court's decision was based solely on the applicability of Rule 10.  In fact, in its brief on appeal the City refers to Rule 10 and not the residency requirements of the examination announcement.  Thus, as the court determined, the issue presented is whether the City's determination that petitioner failed to comply with Rule 10 was arbitrary and capricious.

Rule 10 provides that "[a]n applicant for any open competitive position must reside and be domiciled within the corporate limits of the City of Buffalo on the date of his or her application for examination or appointment, as the case may be, except as may be otherwise provided by law."  The rule further provides that, "[i]n the absence of clear and convincing evidence to the contrary, an applicant shall be deemed a non-resident if he or she cannot show ninety (90) days of continuous and uninterrupted residence within the corporate limits of the City . . . immediately preceding the date of his or her application for examination or appointment as the case may be."

Here, there is no dispute that petitioner was a City resident when he applied for the firefighter position in March 2008, and that he had been a City resident for at least 90 days without interruption prior to the date of his application.  This case, however, turns on whether petitioner was a City resident for 90 days immediately preceding the date of his "appointment."  The court used April 18, 2011 as the date of petitioner's appointment, inasmuch as that is the date on which he was scheduled to begin training at the Academy.  Notably, the City does not contend on appeal that the court erred in

selecting April 18, 2011 as the date of appointment for purposes of applying Rule 10. It thus follows that petitioner, to comply with Rule 10, must have been a City resident from January 18, 2011 through April 18, 2011, without interruption. As the court determined, the City produced no evidence indicating that petitioner lived outside the City during that relevant time period. Instead, the City's evidence tended to show that petitioner may have lived in the Town of Amherst at some time between the date of his application in March 2008 and January 18, 2011.

In support of its motion to dismiss, the City's attorney argued that petitioner was properly disqualified because he failed to maintain a continuous residence from the date of his application in March 2008 until the date of his appointment in April 2011. Rule 10, however, does not require petitioner to maintain continuous residence within the City from the date of application to the date of appointment; it requires petitioner to maintain residence for 90 days prior to the date of application or the date of appointment, as the case may be. He satisfied that requirement on both counts. First, with respect to the 90-day application requirement, it is undisputed that petitioner resided in the City before his application in March 2008, inasmuch as he did not purchase the residence in Amherst until May 2009. Second, with respect to the 90-day appointment requirement, as the court properly determined, the City presented no evidence that petitioner did not reside in the City from January 18, 2011 to April 18, 2011. Although the examination announcement stated that applicants must maintain continuous residence within the City from the date of application to the date of appointment, as noted the City did not rely on the notice set forth in the examination announcement to disqualify petitioner. We therefore agree with the court that the City's determination to disqualify petitioner based on his purported failure to comply with Rule 10 was arbitrary and capricious. Even assuming, arguendo, that petitioner maintained dual residences during the 90 days immediately prior to his appointment, we conclude that the evidence nevertheless established that he was domiciled in the City and that the evidence did not establish that petitioner evinced "a present, definite and honest purpose to give up the old and take up the new place as [his] domicile" (*Matter of Newcomb*, 192 NY 238, 251).

We reject the City's contention that the court erred in refusing to allow it to file an answer after denying its motion to dismiss. Where, as here, "the facts are so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer," a court may grant the relief requested in the petition without permitting an answer to be filed (*Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 102). Finally, we reject the contention of the City that the court lacked the authority to order petitioner's reinstatement as a firefighter. By ordering petitioner to be reinstated, the court was merely restoring petitioner to the same position before the City made its arbitrary and capricious administrative determination.

Entered:  April 27, 2012                    Frances E. Cafarell
                                            Clerk of the Court