*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 20, 2014          518026
_____

NEW YORK STATE WORKERS'
    COMPENSATION BOARD,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

BAST HATFIELD, INC.,
                    Appellant.
_____

Calendar Date:  September 12, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ.

_____


        Couch White, LLP, Albany (Donald J. Hillmann of counsel),
for appellant.

        Scott T. Harms, New York State Workers' Compensation Board,
Schenectady, for respondent.

_____


Clark, J.

        Appeal from an order of the Supreme Court (Crowell, J.),
entered May 30, 2013 in Saratoga County, which, among other
things, denied defendant's motion to compel plaintiff to file a
satisfaction piece against a certain judgment.

        Defendant was an employer member of Elite Contractors Trust
of New York, a group self-insured trust (hereinafter GSIT) that
was formed in 1999 to provide mandated workers' compensation
coverage to the employees of trust members.  In April 2010,
plaintiff determined that the trust was insolvent and assumed its
administration (see Workers' Compensation Law § 50 [3-a] [8]; [5]
[f]; 12 NYCRR 317.20 [c]).  A deficit reconstruction subsequently
revealed that Elite had an $82 million member deficit.  Based

upon that deficit, plaintiff levied an assessment against defendant for $2.1 million, which represented defendant's pro rata share of Elite's total member deficit (see Workers' Compensation Law § 50 [3-a] [7] [b]).  After defendant failed to make any payment toward the assessment, plaintiff sent defendant a final demand for payment and informed defendant that any further failure to pay both its pro rata share and awards of compensation to its injured employees would result in plaintiff filing a judgment against defendant.

In December 2011, following defendant's continued failure to pay, plaintiff obtained a Workers' Compensation Law § 26 judgment against defendant in the amount of $26,177.15, representing workers' compensation payments that plaintiff made to Owen Flavin, one of defendant's injured employees, between July 2010 and November 2011.  In February 2013, defendant moved to compel plaintiff to file a satisfaction piece against that judgment on the basis that the judgment had been satisfied by payments made to plaintiff by the Special Disability Fund (hereinafter SDF) pursuant to Workers' Compensation Law § 15 (8). Supreme Court, among other things, denied defendant's motion and determined that the judgment could only be satisfied by payments made by defendant or Elite and, thus, the judgment had not been satisfied.  Defendant now appeals and we affirm.

Pursuant to Workers' Compensation Law § 50 (3-a) (7) (b), plaintiff can levy an assessment on the members of a defaulted GSIT for such an amount that is, among other things, necessary to discharge the GSIT's liabilities.  Notwithstanding such assessment, each member of the defunct GSIT remains "jointly and severally responsible" for all of the GSIT's liabilities (Workers' Compensation Law § 50 [3-a] [7] [b]).  In 2010, the Legislature added a clause to Workers' Compensation Law § 50 (3-a) (7) (b) to provide that, "separate and apart from, and in addition to a member's joint and several liability," where a member fails to pay a levied assessment, the member "shall be deemed in default" (see L 2010, ch 56, part R, § 4).  Once in default, the member is subject to the enforcement mechanism contained in Workers' Compensation Law § 26, which provides, in pertinent part, that, where the employer defaults "in the payment of any compensation due under an award," plaintiff may file,

among other things, a certified copy of the decision awarding compensation and "thereupon judgment must be entered" (see Workers' Compensation Bd. of State of N.Y. v Rizzi, 14 AD3d 608, 608-609 [2005]).

Here, defendant does not dispute the fact that, pursuant to Workers' Compensation Law § 50 (3-a) (7) (b), it is in default because it has not paid any money towards its pro rata share of Elite's deficit and, thus, plaintiff was entitled to obtain a Workers' Compensation Law § 26 judgment against it for any awards due and owing on claims filed by its employees. Defendant's pro rata share of Elite's deficit, in turn, includes a portion of Elite's share of the assessment levied by plaintiff that is used to fund the SDF (see Workers' Compensation Law §§ 15 [8] [h]; 151). Despite the fact that defendant has never paid its share of those assessments in the years for which Flavin received benefits, it is undisputed that plaintiff has received reimbursement from the SDF for some of the money it has expended paying for those benefits. Thus, the pertinent issue before this Court is whether such reimbursement warrants the filing of a satisfaction piece.

To this end, Workers' Compensation Law § 50 (3-a) (7) (b) explicitly provides that plaintiff can obtain a judgment against a defaulting member of a GSIT for workers' compensation awards obtained by the member's employees "that have neither been paid by the member or the [GSIT]" (Workers' Compensation Law § 50 [3-a] [7] [b] [emphasis added]). To date, defendant has paid neither its pro rata share of Elite's total member deficit, which includes its share of the assessments intended to fund the SDF and provide for the very reimbursement paid to plaintiff, nor the underlying award of compensation to its injured employee. As previously noted, plaintiff was therefore entitled to obtain a judgment against defendant representing the amount paid by plaintiff to Flavin on defendant's behalf.

We are unpersuaded by defendant's contention that the payment by the SDF to plaintiff served to satisfy the judgment obtained against defendant. A brief overview of how plaintiff and the SDF are funded, along with plaintiff's obligations under the circumstances here, is necessary to our analysis. Pursuant

to Workers' Compensation Law § 50 (5) (f), if an insolvent GSIT, such as Elite, fails to pay compensation and benefits owed to an employee, plaintiff is required to pay such benefits as expenses of administration. Plaintiff is also required to levy assessments against, as relevant here, self-insured employers and GSITs to assure, among other things, its ability to make prompt payments of such compensation and benefits (see Workers' Compensation Law § 50 [5] [g]; see also Workers' Compensation Law § 15 [8] [h]). In general, a portion of the assessments levied by plaintiff is used to establish separate funds out of which, under certain conditions, liability for employee benefits are shifted from an employer to a special fund, such as the SDF (see Workers' Compensation Law §§ 15 [8] [h] [4]; 151 [2] [c]). Neither the levy of assessments nor the payment of benefits by plaintiff precludes plaintiff from recovering from the defaulting party (see Workers' Compensation Law § 50 [5] [g]), and any money reimbursed to plaintiff must be applied "against the expenses on which the assessment levied" against employers is calculated (Workers' Compensation Law § 50 [5] [f]).[1]

Applying the foregoing to the situation here, given Elite's insolvency, plaintiff assumed Elite's responsibility for paying workers' compensation benefits owed to Flavin out of plaintiff's administrative expenses, which were funded, in the first instance, through assessments levied on Elite — which were unpaid by either Elite or defendant — and other private self-insured employers and GSITs. When plaintiff was reimbursed by the SDF — which is also funded through plaintiff by such assessments — it was essentially deprived of the ability to levy an assessment therefor. Thus, the judgment at issue here is intended to assist in recovering the money that plaintiff paid to Flavin, as plaintiff is authorized to do under Workers' Compensation Law § 50 (5) (g). In sum, notwithstanding defendant's claim that Supreme Court's order results in a double recovery for plaintiff, given the statutory scheme, we conclude that no impermissible

---

[1] Thus, where reimbursement is received, plaintiff may not assess employers for the amount previously paid or must credit/reduce further assessments accordingly (see Workers' Compensation Law § 50 [5] [f]).

benefit to plaintiff results.  Accordingly, we find that plaintiff's judgment was not satisfied by reimbursement payments made by the SDF and, therefore, defendant's motion for the filing of a satisfaction piece was properly denied.  Defendant's remaining arguments have been considered and have been found to be without merit.

Peters, P.J., Stein, Garry and Egan Jr., JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court