Workers' Compensation Bd. of the State of N.Y. v Williams Auto Parts Inc. (2020 NY Slip Op 05261)





Workers' Compensation Bd. of the State of N.Y. v Williams Auto Parts Inc.


2020 NY Slip Op 05261


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

529152

[*1]Workers' Compensation Board of the State of N.Y., Respondent,
v
Williams Auto Parts Inc. et al., Appellants.

Calendar Date: August 20, 2020

Before: Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Mann Law Firm, PC, Latham (Matthew J. Mann of counsel), for appellants.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.



Colangelo, J.
Appeal from an order of the Supreme Court (Buchanan, J.), entered April 5, 2019 in Schenectady County, which denied defendants' motion to vacate a prior judgment.
Defendant Joseph Williams is the president and sole equity holder in defendant Williams Auto Parts Inc. Pursuant to Workers' Compensation Law § 52 (5), plaintiff imposed a penalty of $34,500 upon defendants for failing to maintain workers' compensation coverage between August 11, 2013 and July 6, 2014. Defendants sought redetermination of the penalty, but plaintiff denied defendants' request as untimely because defendants failed to appeal the determination within 30 days of the initial notice of the penalty (see Workers' Compensation Law § 52 [5]). Defendants were further informed that penalties would be issued for all periods in which workers' compensation coverage was not in effect and that penalties would continue to accumulate until coverage was obtained. In December 2016, plaintiff issued a final notice to defendants, seeking payment in the amount of $37,500 for their failure to carry workers' compensation insurance for the period August 11, 2013 through September 11, 2014 and notifying defendants that a judgment would be sought if payment was not received immediately. In February 2017, as a result of defendants' nonpayment, plaintiff obtained a judgment against defendants in the amount of $37,500 pursuant to the enforcement mechanism in Workers' Compensation Law § 26, by which plaintiff filed a certified copy of the order imposing the assessment with the County Clerk of Schenectady County where defendants maintained their principal place of business (see Workers' Compensation Law § 26). The County Clerk then entered the order as a judgment on February 23, 2017.
In April 2018, defendants moved, by order to show cause in Supreme Court, to vacate the judgment, contending that they were not served with a summons and complaint and thus not afforded the opportunity to answer. Plaintiff opposed the application, contending, among other things, that the court lacked subject matter jurisdiction to vacate the judgment under Workers' Compensation Law § 23. The court denied defendants' motion, finding that it lacked subject matter jurisdiction insofar as section 23 "affords exclusive jurisdiction to review awards of [plaintiff] to [plaintiff] itself and to [the Third Judicial Department]." Defendants appeal.
Defendants contend that Supreme Court erred in denying their motion to vacate because, contrary to its finding, the court has jurisdiction to vacate its own judgments — including determinations that originated from administrative agencies. Defendants concede that under Workers' Compensation Law § 23, the court lacks jurisdiction to adjudicate an appeal from a determination of plaintiff; however, defendants draw the distinction that the subject motion sought to vacate a judgment of the court — an action over which they claim the court maintains jurisdiction. Defendants are misguided, as they ignore the peculiar statutory scheme by which only this Court may review a final determination by plaintiff with respect to, among other things, assessments ordered pursuant to Workers' Compensation Law § 52 (5) up until the time that a judgment against an employer is entered. At that point, no appeal is permitted and Supreme Court may only vacate or modify such judgment to conform it to a later decision or award by plaintiff, which is not the case here (see Workers' Compensation Law § 26).
Workers' Compensation Law § 10 requires all employers to "secure compensation to [their] employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment," as provided in Workers' Compensation Law § 50. Where an employer fails to obtain the required coverage, plaintiff may impose fines, assessments and/or other penalties on account thereof, including against the president of a corporate employer (see Workers' Compensation Law § 52; see also Workers' Compensation Law § 26). Defendants were assessed such a penalty here and could have, but chose not to, appeal such determination to this Court (see Workers' Compensation Law § 23); instead, they simply failed to pay.
Workers' Compensation Law § 26 provides that where an employer fails to pay an assessment imposed pursuant to Workers' Compensation Law § 52 (5) within 20 days after it is due, plaintiff's chair may file a certified copy of the order imposing such assessment with the county clerk where the employer's principal place of business is maintained. "[T]hereupon[,] judgment must be entered in the [S]upreme [C]ourt, by the clerk of such county in conformity therewith immediately upon such filing. . . . Such judgment shall be entered in the same manner, have the same effect and be subject to the same proceedings as though rendered in a suit duly heard and determined by the [S]upreme [C]ourt, except that no appeal may be taken therefrom" (Workers' Compensation Law § 26; see Workers' Compensation Bd. of State of N.Y. v Rizzi, 14 AD3d 608, 608-609 [2005]). The entry of such judgment is "merely a ministerial act" made pursuant to Workers' Compensation Law § 26 (Workers' Compensation Bd. of State of N.Y. v Rizzi, 14 AD3d at 609). Indeed, the statute provides that the court shall "vacate or modify" the judgment only "to conform to any later award or decision of [plaintiff]" and "[t]he award may be so compromised [only] by [plaintiff and] in the discretion of [plaintiff]" (Workers' Compensation Law § 26). Inasmuch as the entry of plaintiff's order here by the County Clerk was "merely a ministerial act" (Workers' Compensation Bd. of State of N.Y. v Rizzi, 14 AD3d at 609), Supreme Court lacked the authority to vacate the judgment because the underlying order was not issued by the court (see Commissioner of Labor of State of N.Y. v Eagle Comtronics, 104 AD2d 716, 717 [1984]).
To hold otherwise would subvert the statutory scheme of the Workers' Compensation Law. In the instant case, plaintiff made a final determination — that defendants owed a penalty due to their failure to obtain workers' compensation coverage, and that defendants were in default for nonpayment. As noted, pursuant to Workers' Compensation Law § 23, an appeal of a final decision of plaintiff may only be made to this Court, no doubt to help ensure statewide uniformity in the application of the statute. Defendants did not take such an appeal. To allow defendants to petition a different court to vacate its default after judgment has been entered would undermine this statutory scheme by allowing a court other than this one to, in effect, review a final decision of plaintiff.[FN1] Accordingly, Supreme Court properly found that it lacked the authority to vacate the judgment and properly denied defendants' motion.
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Defendants' contention that Workers' Compensation Law § 26 violates the separation of powers doctrine because it affords the employer "no opportunity for judicial intervention" is meritless in view of the fact that, as noted above, defendants could have appealed plaintiff's decision to this Court, but failed to do so.