Matter of Bldg 44 Devs. LLC v State of New York
2026 NY Slip Op 02898
May 7, 2026
Appellate Division, Third Department
Clark, J.P.
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Bldg 44 Developers LLC, Respondent,
v
State of New York et al., Appellants.

Decided and Entered:May 7, 2026
CV-24-1233
Calendar Date: March 24, 2026
Before: Clark, J.P., Aarons, Ceresia And Mcshan, JJ.

Letitia James, Attorney General, Albany (Patrick A. Woods of counsel), for State of New York, appellant.
Steven Banks, Corporation Counsel, New York City (Geoffrey E. Curfman of counsel), for Office of the Comptroller of the City of New York and another, appellants.
Pryor Cashman LLP, New York City (Todd E. Soloway of counsel), for respondent.

[*1]
Clark, J.P.
Appeal from an order of the Supreme Court (Daniel Lynch, J.), entered June 10, 2024 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, denied respondent State of New York's motion for summary judgment.
In an effort to incentivize the construction of affordable housing in cities with a large populace, a provision of the State's Affordable Housing Program grants tax benefits to property developers who construct new residential buildings that have a certain percentage of affordable housing units in specified areas (see RPTL 421-a et seq; see generally Burrows v 75-25 153rd St., LLC, 44 NY3d 74, 81 [2025]). The program also provides enhanced tax benefits to certain property developers who pay their construction workers in accordance with a statutorily defined hourly wage (see RPTL 421-a [1]-[15], [16] [b], [c]), and contains enforcement mechanisms to ensure compliance with those wage provisions (see RPTL 421-a [16] [a] [lii]; [c] [vii]). With respect to development projects in New York City, those enforcement mechanisms vest in respondent Comptroller of the City of New York (hereinafter the Comptroller) "the sole authority to determine and enforce any liability for underpayment" of the statutory wage provisions after conducting a hearing before the New York City Office of Administrative Trials and Hearings (hereinafter OATH) (RPTL 421-a [16] [c] [x]). Administrative Law Judges (hereinafter ALJs) preside over such OATH hearings and provide a report and recommendation to the Comptroller at the conclusion thereof (see 44 RCNY 3-05 [a], [d] [1]). The Comptroller, who is "deemed to be acting in a judicial capacity" in such proceedings (RPTL 421-a [16] [c] [x]), "may adopt, reject or modify the [ALJ's] report and recommendation" (44 RCNY 3-05 [e] [2]), and must "make and file an order in his or her office" setting forth the ultimate determination (RPTL 421-a [16] [c] [x]). A copy of such order, along with the notice of filing, must be served on the parties (see RPTL 421-a [16] [c] [x]). As relevant here, RPTL 421-a (16) (c) (x) provides that "[t]he filing of such order shall have the full force and effect of a judgment duly docketed in the office of the county clerk" (hereinafter referred to as the judgment provision).
Petitioner is a New York City-based property developer who participated in the State's Affordable Housing Program in connection with a residential construction project in Manhattan. Prior to completing the project, petitioner applied for the enhanced tax benefits available to developers under RPTL 421-a (16) who pay their construction workers the statutorily defined hourly wage. The New York City Department of Preservation and Development issued a preliminary certificate of eligibility for such benefits. After completing the project, petitioner submitted another application for enhanced tax benefits. However, following an audit of petitioner's application, the [*2]New York City Bureau of Labor found a wage deficiency and notified petitioner that it would refer the matter for an OATH hearing if the deficiency was not cured. When petitioner failed to cure the deficiency, the Comptroller, in accordance with the program's requirements, commenced an administrative proceeding by way of a referral for an OATH hearing.
Petitioner, in turn, commenced this combined CPLR article 78 proceeding and declaratory judgment action challenging the constitutionality of the judgment provision set forth in RPTL 421-a (16) (c) (x) on separation of powers grounds and under principles of due process.FN1 Petitioner's primary argument is that the judgment provision violates the separation of powers doctrine and principles of due process by foreclosing judicial review of the Comptroller's final determination, as there is no statutory mechanism to challenge or stay the determination before it acquires the full force and effect of a duly docketed judgment.
Respondent State of New York answered the petition/complaint and the Comptroller filed a pre-answer motion to dismiss for failure to state a cause of action (see CPLR 3211 [a] [7]) arguing, among other things, that the statute's judgment provision does not preclude judicial review of the Comptroller's determination — which may be challenged through a CPLR article 78 proceeding — and, accordingly, petitioner's separation of powers and due process arguments were unavailing. The State thereafter moved for summary judgment, raising essentially the same arguments as the Comptroller and adding that, if the judgment provision of RPTL 421-a (16) (c) (x) were deemed to be unconstitutional, the proper remedy would be to sever such provision from the statute while leaving the remainder of the statute intact. Petitioner opposed the State's motion and cross-moved for summary judgment on liability. As relevant here, petitioner refuted the proposition that a determination of the Comptroller under RPTL 421-a (16) (c) (x) is subject to judicial review by way of a CPLR article 78 proceeding, emphasizing that the State, in other cases, had taken the position that CPLR 5015 precludes a court from vacating an administrative judgment once it is entered.
By decision and order entered June 10, 2024, Supreme Court (D. Lynch, J.), denied the State's motion, granted summary judgment to petitioner on its claim for a declaratory judgment, and declared the judgment provision of RPTL 421-a (16) (c) (x) to be unconstitutional. Instead of severing the judgment provision from the statute in accordance with such ruling, the court also struck the provision of RPTL 421-a (16) (c) (x) that requires the holding of an OATH hearing, finding that "holding [a] hearing without the ability to enter a judgment from it would be an exercise in futility." In declaring the judgment provision to be unconstitutional, Supreme Court relied on the fact that RPTL 421-a (16) (c) (x) "does not contain a provision specifying that an order stemming [*3]from the Comptroller's investigation is not to be filed and docketed with the effect of a judgment if a proceeding for administrative review is pending," emphasizing that such a provision is "commonly . . . included" in statutes that give administrative orders the force and effect of a judgment, and concluding that the omission of a similar provision from the underlying statutory scheme foreclosed any avenue for judicial review of the Comptroller's decision before it was docketed as a judgment. The court also rejected respondents' argument that a CPLR article 78 proceeding provided a viable avenue for judicial review of the Comptroller's determination, reasoning that, even if a court found the Comptroller's determination to be arbitrary and capricious or lacking in substantial evidence through such a proceeding, it would have no avenue to grant relief because CPLR 5015 precludes a court from vacating an administrative judgment. Accordingly, upon finding that the structure of RPTL 421-a (16) (c) (x) barred judicial review of the Comptroller's determination, the court concluded that the judgment provision of the statute violated the separation of powers doctrine by "eliminating Supreme Court's general jurisdiction in law and equity." The State and the Comptroller both appeal.
We reverse. Contrary to Supreme Court's determination, petitioner failed to demonstrate that the judgment provision of RPTL 421-a (16) (c) (x) is unconstitutional under the separation of powers doctrine or principles of due process. "[L]egislative enactments are entitled to a strong presumption of constitutionality, and courts strike them down only as a last unavoidable result after every reasonable mode of reconciliation of the statute with the Constitution has been resorted to, and reconciliation has been found impossible" (White v Cuomo, 38 NY3d 209, 216 [2022] [internal quotation marks and citations omitted]; see Cuomo v New York State Commn. on Ethics & Lobbying in Govt., 44 NY3d 141, 149 [2025]; Stefanik v Hochul, 43 NY3d 49, 57 [2024]). "Thus, while the presumption of constitutionality is not irrefutable, as the party [raising a facial constitutional challenge to a statute], [petitioner bears] the initial burden of demonstrating [the invalidity of RPTL 421-a (16) (c) (x)] beyond a reasonable doubt" (White v Cuomo, 38 NY3d at 216 [internal quotation marks and citations omitted]; see Matter of Walt Disney Co. & Consol. Subsidiaries v Tax Appeals Trib. of the State of N.Y., 42 NY3d 538, 550 [2024], cert denied ___ US ___, 145 S Ct 1125 [2025]). To satisfy such burden, petitioner must demonstrate "that in any degree and in every conceivable application, the law suffers wholesale constitutional impairment" (White v Cuomo, 38 NY3d at 216 [internal quotation marks and citations omitted]), meaning that "no set of circumstances exists under which the law would be valid" (Matter of Walt Disney Co. & Consol. Subsidiaries v Tax Appeals Trib. of the State of N.Y., 42 NY3d at 550 [internal [*4]quotation marks, brackets and citations omitted]).
"The concept of the separation of powers is the bedrock of the system of government adopted by this State in establishing three coordinate and coequal branches of government, each charged with performing particular functions" (Matter of Maron v Silver, 14 NY3d 230, 258 [2010] [citations omitted]). "The separation of the three branches is necessary for the preservation of liberty itself, and it is a fundamental principle of the organic law that each department should be free from interference, in the discharge of its peculiar duties, by either of the others" (id. [internal quotation marks, brackets and citations omitted]; see Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo, 64 NY2d 233, 239 [1984]). Stated differently, under the separation of powers doctrine, "no one branch [of government] [is] allowed to arrogate unto itself powers residing entirely in another branch" (Delgado v State of New York, 39 NY3d 242, 255 [2022] [internal quotation marks and citations omitted]). Thus, a statute that usurps the judicial function by precluding all judicial review of a final administrative determination poses separation of powers concerns (see Long Is. Coll. Hosp. v Catherwood, 23 NY2d 20, 36 n 3 [1968], appeal dismissed 394 US 716 [1969]). However, that is not the case here.
Contrary to Supreme Court's finding, the fact that RPTL 421-a (16) (c) (x) does not contain a provision expressly authorizing judicial review of the Comptroller's final determination does not mean that judicial review is thereby precluded (see Matter of Board of Educ. of City of Rochester v Nyquist, 48 NY2d 97, 103 [1979]; Roosevelt Islanders for Responsible Southtown Dev. v Roosevelt Is. Operating Corp., 291 AD2d 40, 54 [1st Dept 2001], lv denied 97 NY2d 613 [2002]; compare Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn., 78 NY2d 318, 321-322 [1991]). To the contrary, even where statutes contain language attempting to expressly prohibit judicial review of administrative determinations, the Court of Appeals has held that judicial review within the contours of CPLR article 78 is still available (see Matter of Board of Educ. of City of Rochester v Nyquist, 48 NY2d at 103; see also Matter of De Guzman v State of N.Y. Civ. Serv. Commn., 129 AD3d 1189, 1190 [3d Dept 2015], lv denied 26 NY3d 913 [2015]). Similar to any other final administrative determination rendered following a hearing prescribed by law, judicial review of the Comptroller's determination following an OATH hearing may be achieved through the timely commencement of a CPLR article 78 proceeding in the nature of certiorari to review, which would authorize the reviewing court to analyze the Comptroller's determination in accordance with the standards set forth in CPLR 7803 (see e.g. Matter of Action Elec. Contrs. Co. v Goldin, 64 NY2d 213, 220 [1984]).
Petitioner argues that a CPLR [*5]article 78 proceeding would not afford meaningful judicial review of the Comptroller's determination following an OATH hearing since RPTL 421-a (16) (c) (x) "does not allow for any challenge" before the determination acquires the force and effect of a judgment, emphasizing that, under CPLR 5015, a court can only vacate its own orders or judgments.FN2 This argument is misplaced, as CPLR 5015 merely sets forth the parameters of a court's authority to vacate orders and judgments entered by it under the authority of that provision, but it does not preclude a court from affording complete relief from the Comptroller's determination in the context of a timely filed CPLR article 78 proceeding (see generally Commissioner of Labor of State of N.Y. v Hinman, 103 AD2d 886, 887 [3d Dept 1984], appeal dismissed 64 NY2d 756 [1984]).
Petitioner's reliance on Workers' Compensation Bd. of the State of N.Y. v Williams Auto Parts Inc. (187 AD3d 1252 [3d Dept 2020]) and Commissioner of Labor of State of N.Y. v. Eagle Comtronics (104 AD2d 716 [4th Dept 1984]) in support of the opposite conclusion is unavailing. Although this Court stated in Williams Auto Parts that "Supreme Court lacked the authority to vacate" a judgment of the Workers' Compensation Board since "the underlying order was not issued by the court" (187 AD3d at 1254), that decision did not involve a CPLR article 78 proceeding and was rendered in an entirely different context where a litigant sought to use CPLR 5015 in a manner that would have "undermine[d]" the statutorily prescribed process set forth in the Workers' Compensation Law to obtain judicial review of the final administrative determination at issue (id. at 1255). The Fourth Department's decision in Eagle Comtronics also does not support petitioner's position that CPLR 5015 would divest Supreme Court of subject matter jurisdiction to accord relief from the Comptroller's determination under RPTL 421-a (16), and actually demonstrates that a CPLR article 78 proceeding is a proper vehicle to challenge an administrative determination rendered under a statutory scheme similar to the one here (see 104 AD2d at 717). Stated succinctly, CPLR 5015 and CPLR article 78 provide different avenues for relief from orders and judgments in different circumstances, and the fact that a court may only vacate its own orders and judgments under the ambit of CPLR 5015 does not mean that it is without authority to provide relief from the Comptroller's determination, as codified in a judgment, through the vehicle of a CPLR article 78 proceeding (see Commissioner of Labor of State of N.Y. v Hinman, 103 AD2d at 887).FN3
Indeed, Supreme Court has broad authority to provide relief from an administrative determination in a CPLR article 78 proceeding, both during the pendency of the proceeding and following the completion of judicial review.FN4 During the pendency of such a proceeding, the court may "stay . . . the enforcement of [the] determination under review" (CPLR 7805; see Matter [*6]of Sysco Metro NY, LLC v City of New York, 168 AD3d 459, 460 [1st Dept 2019]). Correspondingly, once judicial review is complete, the reviewing court is authorized to "annul or confirm . . . or modify" the determination "in whole or part" and may "direct. . . specified action by the respondent" (CPLR 7806). The court's authority under CPLR 7806 to direct specified action by the respondent agency encompasses "any . . . directions needed to secure to the petitioner the [a]rticle 78 relief ordered" and a court's judgment embodying those directions "is enforceable by contempt proceedings" (David D. Siegel & Patrick M. Connors, New York Practice § 570 [6th ed]; see generally Health Care Plan v Bahou, 61 NY2d 814, 816-817 [1984]; Matter of Tamsen v Licata, 94 AD3d 1566, 1569 [4th Dept 2012]; Matter of Carlisi v New York State Liq. Auth., 52 AD2d 1083, 1084 [4th Dept 1976]). In other words, if a reviewing court found the Comptroller's final determination under RPTL 421-a (16) (c) (x) to have been made in violation of lawful procedure, affected by an error of law, arbitrary and capricious or lacking in substantial evidence (see CPLR 7803 [3], [4]), it would have broad remedial power under CPLR 7806 to annul the Comptroller's determination, which would, in effect, render the underlying administrative judgment unenforceable, and could also direct the Comptroller to take action to secure the vacatur of the administrative judgment.
In light of our conclusion that RPTL 421-a (16) (c) (x) does not foreclose meaningful judicial review of the Comptroller's final administrative determination, petitioner's procedural and substantive due process arguments, which hinge on a finding that the statutory scheme creates a "wholesale denial of judicial review," are academic. Our determination also necessitates reversal of so much of Supreme Court's order as struck the OATH hearing provision from RPTL 421-a (16) (c) (x). "Accordingly, the petition should be dismissed and a declaration should be made in favor of respondents that [the judgment provision of RPTL 421-a (16) (c) (x)] has not been shown to be unconstitutional" (Matter of County of Delaware v Zucker, 146 AD3d 1178, 1179 [3d Dept 2017] [citation omitted]).
Aarons, Ceresia and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, the petition is dismissed, and it is declared that RPTL 421-a (16) (c) (x) has not been shown to be unconstitutional.

Footnotes

Footnote 1
Petitioner also sought a temporary restraining order and a preliminary injunction staying the OATH hearing in the underlying administrative proceeding during the pendency of this proceeding/action. Supreme Court (Corcoran, J.) denied petitioner's request for a temporary restraining order following oral argument on the application.

Footnote 2
Even if we were to accept petitioner's premise that the failure to provide a mechanism for prejudgment review of the administrative determination poses a constitutional infirmity, there is nothing in the statutory scheme of RPTL 421-a (16) that would prohibit the Comptroller from delaying the filing of the order setting forth his or her determination, which would provide an avenue for judicial review before the order acquired the force of a judgment. To that end, RPTL 421-a (16) (c) (x) states that the Comptroller shall "make" and "file" an order setting forth his or her determination, evincing two separate acts that do not need to occur simultaneously. Indeed, in support of its motion for summary judgment, the State submitted an affirmation from the Deputy Counsel of the Division of Housing and Community Renewal who set forth his understanding, based upon conversations with the Comptroller, that the Comptroller "would wait until after the statute of limitations period for the filing of an Article 78 [proceeding]" has passed before docketing any posthearing order issued after an OATH hearing. Thus, petitioner did not establish that RPTL 421-a (16) (c) (x) is unconstitutional in "every conceivable application," as there is a way to implement RPTL 421-a (16) (c) (x) in a manner that would provide for prejudgment review (White v Cuomo, 38 NY3d at 216 [internal quotation marks and citations omitted]).

Footnote 3
We note that CPLR 5015 also encompasses a court's authority to vacate "order[s]." Insofar as administrative determinations are commonly set forth in orders, accepting petitioner's argument regarding CPLR 5015 would effectively render agency determinations set forth in orders beyond the scope of CPLR article 78 review — a proposition that does not comport with case law (see e.g. Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y., 16 NY3d 360, 368 [2011]; Alarcon v Henry, 235 AD3d 706, 706 [2d Dept 2025]; Matter of New York Apple Tours v Hoffman, 278 AD2d 70, 72 [1st Dept 2000], appeal dismissed & lv denied 96 NY2d 729 [2001]; Cahill v Harter, 277 AD2d 655, 656 [3d Dept 2000]; Matter of Steck v Jorling, 227 AD2d 849, 850 [3d Dept 1996]).

Footnote 4
Petitioner has not provided any authority supporting the proposition that a reviewing court in a CPLR article 78 proceeding lacks the ability to provide relief from an administrative determination that is set forth in a docketed judgment. Nor has our extensive research into this issue yielded any precedent standing for that proposition.